## Rural Press Co. v. Chicago Electrotype and Stereotype Co.

1.   PROCESS—*Summons by Justice of the Peace Presumed to Have Been Issued on Day of Date.*—A summons must, in the absence of proof to the contrary, be presumed to have been issued the day of its date, and when the summons and recital in the transcript conflict the former is the better and more reliable evidence of when it was issued.

Appeal from the County Court of Cook County; the Hon. ORSON H. GILMORE, Judge presiding.   Heard in the Branch Appellate Court at the March term, 1902.   Affirmed.   Opinion filed April 14, 1903.   Re-hearing denied May 1, 1903.

FASSETT & ANDREWS, attorneys for appellant.

DERBY & ROTHSCHILD, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This suit was originally commenced before a justice of the peace, from whose judgment an appeal was taken to the County Court, where judgment was entered in favor of appellee.

There is but one question involved, whether a recital of a date in a transcript from the justice, which is contra-

502    APPELLATE COURTS OF ILLINOIS.

VOL. 107.]    Rural Press Co. v. Chicago Electrotype & Stereotype Co.

dicted by the orignal summons sent up with the transcript, is final and binding on appeal from the judgment of the justice, whether erroneous or not.

The transcript sent up to the County Court apparently recites that the suit was originally begun at a date— December 12th—which, when the evidence was introduced, proved to be prior to the maturity of the note sued upon, which note became due December 15th. That transcript recites as follows : " Dec. 12, 1900. Summons ordered and issued to Constable Deegan, returnable Dec. 26, 1900, at 9 o'clock A. M., and on the 20th day of December, 1900, returned by said constable, served the within writ on the within named defendant, Rural Press Co. (corp.), by leaving a copy of the same with J. W. Wilson, president of said company, in my county, this 20th day of December, 1900." The justice certifies that " the said transcript and the papers herewith accompanying contain a full and perfect statement of all the proceedings before me in the above entitled cause."

The original summons issued by the justice is, as the abstract shows, sent up for our inspection in the record. It bears the file mark of the County Court of the same date as the transcript, being, as it appears, one of the papers which the justice certifies contain, in connection with the transcript, " a full and perfect statement of all the proceedings before him " in the case. This certificate shows compliance with the statute, which requires the justice to " return all the papers in the case and a transcript of his docket in the case to the clerk of the court to which the appeal is taken, with a certificate under his hand that said transcript and papers contain a full and perfect statement of all the proceedings before him." (R. S., Chap. 79, Sec. 115.) The summons was originally dated the 17th day of December, 1900, returnable the 22d, but the figures " 17 " have two ink lines drawn over them and the figures "20" are placed after, apparently in the same ink, so that the summons bears date the 20th day of December, 1900, returnable the 26th. It was served on appellant upon the 20th and

returned by the constable the same day. There is no other date on the summons, and no evidence of any erasures whatever. It is evident that this original summons was not issued December 12, 1900, as the transcript seems to state. It could not have been issued before the 17th, as is shown upon its face. Appellee's attorney explains the change of date from the 17th to the 20th, saying that it was, originally intended to begin the suit on the 17th, but that its commencement was postponed because negotiations were entered into for settlement, which failing, the summons was finally issued on the 20th.

The statute provides that " every action before a justice shall be commenced by summons." The note sued upon matured December 15, 1900. If the suit was " commenced by summons" December 12th, it was begun before the debt was due. If, on the other hand, it was not commenced until either the 17th or 20th, the note was admissible in evidence and the judgment is correct. The justice had jurisdiction of the parties and the subject-matter in either case, but it is urged that the County Court erred in admitting the note in evidence in view of the alleged recital of the transcript that the suit was commenced before the date when the note became due. It is provided (R. S., Chap. 79, Sec. 182) that " In the appellate court no exception shall be taken to the form or service of the summons issued by the justice of the peace, nor to any proceedings before him; but the court shall hear and determine the same in a summary way, according to the justice of the case, without pleading in writing." A summons must, in the absence of proof to the contrary, be presumed to have been issued the day of its date. In this case the summons states that it was " Given under my hand and seal this 20th of December, A. D. 1900." This is, we think, controlling as to when the suit was actually begun, when, as here, the summons and a recital in the transcript conflict. The justice certifies that the two together contain a full and perfect statement of what was done. The transcript alone, therefore, has no more authority than

the original summons, and as between the two the latter is the better and more reliable evidence of when it was issued. A recital of the date of a paper may be erroneous. The original paper itself showing a different date effectually contradicts a mere extraneous recital purporting otherwise.

The judgment of the County Court must be affirmed.