George Pratt as Conservator of the Estate of Gilbert Baker, an Incompetent, Appellant, v. Roger Baker as Executor of the Estate of Walter Baker, Deceased, Appellee.

Gen. No. 11,821.

Second District.

April 29, 1964.

Rehearing denied June 23, 1964.

McDermott, Will & Emery, of Chicago (Hamilton Smith and Daniel J. Radocha), for appellant.

Donald J. Hennessy, of Naperville, for appellee.

SCHEINEMAN, J.

This appeal involves two claims filed against the estate of Walter Baker, deceased, by George Pratt as Conservator for Gilbert Baker, alleged to be incompetent. One claim for $5,065 was based on promissory notes signed by Walter Baker and dated some 40 years ago. The other claim for $34,500 was for services rendered by Gilbert Baker to the deceased during a period of nearly 30 years, beginning 1930 (amount reduced on appeal to $14,124).

It appears that Gilbert Baker, although not insane, was mentally defective and regarded as not employable. He was taken into the home of his brother, Walter Baker, who provided room and board and some spending money, and Gilbert Baker performed such farm labor as was within his ability. He could do some types of physical labor if told what to do, but he was not competent to operate a tractor.

■ The Probate Court disallowed the claim on the notes, applying the general statute of limitations, and disallowed the claim for services more than 5 years old, but allowed this claim for the portion of 5 years not barred by the general statute, and for this allowed $3,687.50. The Conservator appeals, asserting the statute does not apply to an incompetent person. The Executor cross-appeals on the ground, among others, asserted by motion in the Probate Court, that the claims were not filed within 9 months of the date of Letters Testamentary, as required by sec 204 of ch 3, Ill Rev Stats. Letters Testamentary were issued to the defendant Executor in May, 1959. The claims were filed in November, 1961, 30 months after the date of letters and 23 months after the time to file had expired. In the meantime the Executor filed his final report showing complete distribution of the Estate and nothing additional has been inventoried.

It is not necessary to analyze the evidence as to the merits of the claims, since it is apparent that they

should have been dismissed for failure to file within the time limited by law.

It is true that, prior to 1940, sec 71 of ch 3, Ill Rev Stats, 1937 (sometimes referred to as the Statute of Nonclaim) contained a specific exception in favor of persons of unsound mind, as to the time limit. The revised Probate Act adopted in 1939, effective January 1, 1940, omitted this and other exceptions so that the law now in force reads: "All claims not filed within 9 months from the issuance of Letters Testamentary or of Administration are barred as to the estate which has been inventoried within 9 months from the issuance of letters."

It has been generally recognized that the nonclaim statute is not a general statute of limitations. Rather it is a specific act "adopted for the purpose of facilitating an early settlement of estates, and a failure to file a claim within a statutory period bars the claim from participating in the inventoried assets of the estate." Alderson v. Alderson's Estate, 226 Ill App 176; and the cases cited therein, Wingate v. Pool, 25 Ill 118; Waughop v. Bartlett, 165 Ill 124, 46 NE 197; Pearson v. McBean, 231 Ill 536, 83 NE 173; Union Trust Co. v. Shoemaker, 258 Ill 564, 101 NE 1050.

Accepting the stated purposes of the nonclaim statute to be the facilitation of an early and final settlement of estates, it becomes readily apparent why the exceptions as to persons with disabilities were omitted from the present act. To make exceptions for disabilities, whatever their nature, would only serve to destroy the very object of the nonclaim statute and not only prolong the administration of estates indefinitely and, in some instances, almost interminably, but also subject the executors and administrators to such an indeterminable future liability that a knowledgeable person would be reluctant to accept the responsibility.

It is a general principle of construction of statutes that, if an act or section of an act be amended,

omitting certain portions, the portions not repeated are repealed without any specific expression for that purpose, and the omitted portions cannot be legislated into existence by judicial construction. People v. Village of Oak Park, 372 Ill 488, 24 NE2d 571. 50 Am Jur Statutes 276.

Apparently no prior case has reached a court of review in this state concerning the amendment above mentioned. Other states having similar statutes of nonclaim have consistently given them their literal meaning and declined to make exceptions for persons under disability.

In Davis v. Shepard, 135 Wash 124, 237 Pac 21, 41 ALR 163, it was held the statute of nonclaim applied to the claim of a person under disability stating:

"Many courts have said that the nonclaim statute is one to be more strictly enforced than general statutes of limitation; its object being to obtain early and final settlement of estates so that those entitled may receive the property free from encumbrances and charges which might lead to long litigation. . . . Hardship is bound to result in some instances, whichever rule is followed, but in the long run it would seem that a strict compliance with the statute, with no estoppel against its use as a bar, is the more safe and sensible rule."

In a Tennessee case, Commerce Union Bank v. Gillespie, 178 Tenn 179, 156 SW2d 425, the court held a statute, similar to the Illinois present statute, barred all claims after the time limited stating: "This is true whether the claims be those of non-residents or of infants or mental incompetents."

A summary of the decisions on nonclaim statutes is set forth in 34 CJS, Executors and Administrators, sec 404, from which the following is quoted: "Where, however, the statute of nonclaim makes no exception as to any persons or class of persons, the courts can make none; and hence, as a general rule, and in the

445

█

absence of some provision to the contrary, the statutes of nonclaim run against nonresident as well as resident, and infant as well as adult claimants, and also against married women and insane persons, and the estate of a deceased creditor."

It follows that whether or not Gilbert Baker was incompetent or insane within the meaning of the general statute of limitations, his claims are barred under the nonclaim statute, sec 204 of the Probate Act as to inventoried assets of the estate.

█ In behalf of the Conservator it is further argued that the defendant Executor is estopped to raise the nonclaim statute as a defense by reason of his failure to have a guardian ad litem appointed for Gilbert, when he knew or should have known of Gilbert's incompetence. We have quoted the Washington case as a precedent against the use of estoppel to avoid the effect of the statute on nonclaim. An executor, administrator, legatee, or distributee cannot waive the time limitation on the presentation of claims, and an order of the Probate Court purporting to allow such a claim is in violation of the statute, and the court has no jurisdiction to enter such an order. Austin v. City Bank of Milwaukee, 288 Ill App 36, 5 NE2d 585.

Accordingly the original appellant is not entitled to any relief herein. The cross appeal is sustained and the judgment for $3,687.50 in favor of the Conservator is reversed. Costs on this appeal are taxed against the original appellant.

Judgment reversed on cross appeal.

CARROLL and MORAN, JJ., concur.