*In re* ESTATE OF DORA NEWCOMB, Deceased.

(No. 71-116;

Third District—August 17, 1972.

Kavanagh, Scully, Sudow, White & Frederick, of Peoria, (Daniel W. Hardy, of counsel,) for appellant.

Robert L. Silberstein, of Peoria, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the circuit court of the Tenth Judicial Circuit of Illinois, Tazewell County, overruling the objection by the administrator of the estate of Dora Newcomb, deceased, to a claim filed more than seven months after the issuance of the Letters of Administration for the following reasons:

(a) an alleged forbearance of claimants' filing of a claim because of alleged conduct on the part of the estate in connection with such claim; and

(b) the filing of the estate inventory one day before the expiration of seven months after the issuance of Letters of Administration.

This matter arises out of an alleged breach of Agreement for Warranty Deed by decedent. After the appointment of an administrator, the administrator's attorney corresponded with the attorney for the claimants. Various correspondence discussed responsibility under the contract, stated that the matter could be worked out, inferred authorization for

certain expenditures to preserve the property, provided for insurance on the property and offered a compromise settlement.

An inventory was filed in the estate one day before the expiration of seven months after the issuance of the Letters of Administration. Thereafter the offer of compromise was withdrawn and a claim was filed against the estate of Dora Newcomb. The claim did not specify any details. The trial court considered that it referred to a claim for damages arising out of the purported breach of the Agreement for Warranty Deed. The administrator of the estate of Dora Newcomb, deceased, filed an objection to the claim, on the grounds that the claim date had passed prior to the filing of the claim. The court overruled the objection of the administrator of the estate of Dora Newcomb, deceased, and granted leave for this appeal.

● 1  On appeal claimants for the first time raised the issue that part of the claim may be for legitimate expenses of administration and not necessarily for breach of the Agreement for Warranty Deed. We find nothing in the record to indicate that this question was raised in the lower court. Expenses of administration are specifically exempted from the limitation on payment of claims contained in Illinois Revised Statutes 1969, Chapter 3, Section 204. Claimants should present to the lower court that portion of the claim that they now maintain is a legitimate expense of administration for determination by that court. We consider only whether the actions of the administrator of the estate, through her attorney, waive the requirements for a claim for breach of Agreement for Warranty Deed to be filed within seven months from issuance of the Letters of Administration as to assets which were inventoried within seven months from the issuance of Letters of Administration.

Illinois Revised Statutes 1969, Chapter 3, Section 204, states:

"All claims against the estate of a decedent, except expenses of administration and surviving spouse's or child's award, not filed within 7 months from the issuance of letters testamentary or of administration, are barred as to the estate which has been inventoried within 7 months from the issuance of letters."

● 2  It has been generally recognized that this statute is not a general statute of limitation. Rather, it is a specific act adopted for the purpose of facilitating early settlement of estates, and a failure to file a claim within a statutory period bars the claim from participating in the inventoried assets of the estate. *In re Baker's Estate*, 48 Ill.App.2d 442, 199 N.E.2d 307.

*Morse v. Pacific Ry. Co.*, 191 Ill. 356, 61 N.E. 104, holds that knowledge of a claim by the executor does not remove the requirement that the

claim be filed in accordance with the statute. Further, an executor or administrator cannot waive the statute (*In re Baker's Estate,* 48 Ill.App.2d 442, 199 N.E.2d 307; *Austin v. City Bank of Milwaukee,* 288 Ill.App. 36, 5 N.E.2d 585), nor can the doctrine of estoppel be applied. *In re Baker's Estate,* 48 Ill.App.2d 442, 199 N.E.2d 307.

The claimants cite several new decisions and urge that they show a trend against the strict enforcement of statutory requirements on the bringing of certain actions and that this trend should be expanded to the factual situation in this case. The cases are *Housewright v. City of LaHarpe,* 282 N.E.2d 437, and *Sullivan v. Midlothian Park District,* 281 N.E.2d 659. Both cases deal with statutory regulation of suits against municipal corporations. Both cases granted apparent waivers of certain requirements of the statute governing the bringing of the suits. However, in both instances the waivers were based on statutory authority. In the absence of statutory authority for a waiver of the non-claim statute, we find nothing in these cases applicable to this factual situation.

■■ We therefore conclude that the filing of the claim within the period specified by statute is mandatory and cannot be waived by the administrator, the conduct of the administrator or her attorney in this case, or by the court.

For the reasons given, the order of the circuit court overruling the objection to the claim as filed is reversed and this cause is remanded with directions to bar the claim, as filed, as against assets inventoried within seven months and for further hearings in connection with any additional assets that may have been inventoried after the filing of the claim together with the claimants' contention as to that part of the claim that may represent legitimate expenses of administration.

Reversed and remanded with directions.

STOUDER, P. J., and DIXON, J., concur.