In re ESTATE OF FRANK H. CALDWELL, Deceased.—(DR. ARTHUR K. BEAMS, Claimant-Appellant, *v.* ROBERT E. BRADNEY, Special Adm'r of the Estate of Frank H. Caldwell, Deceased, Respondent-Appellee.)

(No. 12991;

Fourth District—November 6, 1975.

Pree & Pree, of Springfield, for appellant.

Robert E. Bradney, *pro se.*

Mr. JUSTICE GREEN delivered the opinion of the court:

While serving as executor of the estate of Frank Caldwell, deceased, in the Circuit Court of Morgan County, claimant Dr. Arthur K. Beams filed a claim against that estate on December 31, 1973. Respondent Robert E. Bradney was appointed special administrator to defend against the claim. He filed a motion requesting that the claim be dismissed on the grounds that it was not filed within 6 months of the issuance of letters testamentary as required by section 204 of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 204). Upon hearing, the motion was allowed, and the claim was dismissed in bar of action. Claimant appeals.

Section 204 provides in part:

"All claims against the estate of a decedent, except expenses of administration and surviving spouse's or child's award, not filed within 6 months from the issuance of letters testamentary or of administration are barred as to the estate which has been inventoried within 6 months from the issuance of letters." (Ill. Rev. Stat. 1973, ch. 3, par. 204.)

No question is presented here of any inventory being filed after the 6 months' period. The case revolves around the date upon which letters testamentary were issued. Claimant contends that this occurred on July 2, 1973, less than 6 months prior to the filing of the claim on December 31, 1973. Respondent contends that letters were issued on June 4, 1973, more than 6 months before the claim was filed.

The will, naming claimant Dr. Beams as executor, was filed on April 9, 1973, and on May 10, 1973; a petition was filed requesting that the

document be admitted to probate and that letters testamentary issue to claimant. The petition was heard on June 4, 1973. The terms of the court's order resulting from the hearing are sharply disputed. The parties agree that the testimony of two attesting witnesses was heard and that the will was admitted to probate. They also agree that Dr. Beams filed an executor's bond and an acceptance of office and that the bond was approved. They disagree as to whether letters testamentary were ordered to issue to Dr. Beams at that time or whether the issuance of letters was to be contingent upon proof of heirship being made. The docket entry of June 4, 1973, ended as follows: "ORDERED that Letters Testamentary issue to Arthur K. Beams upon proving heirship herein; See Written Order. Note: Hold Letters until proof of heirship is completed." On the other hand, a written order of the same date signed by the judge and placed on file ended in these words "It is ordered that letters testamentary issue to Arthur K. Beams" and made no reference to any requirement of prior proof of heirship. Probate Rule 5(1) of the Morgan County Circuit Court stated:

> "Except on petition for letters of administration to collect, proof of heirship shall be given before letters are issued, unless such procedure is waived by the court."

A docket entry of July 2, 1973, noted that proof of heirship has been made and ordered letters to issue. The letters on file bear a file mark and an issuance date of July 2, 1973.

Respondent contends that Rule 5(1) is violative of section 75 of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 75) which provides in part:

> "When a Will is admitted to probate, the court shall issue letters testamentary to the executor named therein if he qualifies and accepts the office * * *."

He also argues that the written order of June 4, 1973, prevails over the docket entry of that date and that, therefore, letters were ordered to issue on June 4, 1973.

In support of his argument that the written order controls over the docket entry, respondent cites the following:

> "The records of a judgment should be distinguished from the judge's minutes, which are merely memoranda which the judge makes upon his own docket for his own convenience, to enable him to see that the clerk accurately makes up the record." 46 Am. Jur.2d *Judgments* § 153, at 414 (1969).

Respondent also calls our attention to the early case of *McCormick v. Wheeler, Mellick & Co.*, 36 Ill. 114, 85 Am.Dec. 388, the ruling in which involved the priority of liens against real estate. The judge's minutes reflected that the court had set aside a sale of certain real estate involved,

but no order was entered to this effect on the clerk's records. The opinion stated:

> "For what is the judgment of a court? It does not reside unspoken and unwritten, in the breast of the judge. It is not to be sought in the minutes or memoranda which the judge makes upon his own docket, and which the law does not require him to make, but which are merely kept by him for his own convenience, and to enable him to see that the clerk accurately makes up the record." (36 Ill. 114, 120—21.)

And further stated:

> "Parties cannot be held to notice of what has no legal existence, and we should be going quite too far, were we to hold them to notice of informal memoranda, on the docket of the judge, by which the record might possibly, at some future time, be amended and require them to act as if such amendment had been already made." 36 Ill. 114, 121-22.

■■ The keeping of records by the clerks of courts is in a state of change and some uncertainty exists as to the status of the docket as a record. The case of *Freeport Motor Casualty Co. v. Tharp*, 406 Ill. 295, 94 N.E.2d 139, was overruled in part by *People ex rel. Schwartz v. Fagerholm*, 17 Ill.2d 131, 161 N.E.2d 20, but no decisions have changed the pronouncement of *Freeport Motor Casualty Co.* or *People ex rel. Waite v. Bristow*, 391 Ill. 101, 62 N.E.2d 595, that the function of the docket is as a basis from which the clerk may extend an order or a court may rule that an order be amended to correctly state the ruling made.

In the instant case, no attempt was made in the circuit court to amend the order of June 4, 1973. The terms of the order entered on that day are thus those of the document approved by the judge by his signature and placed on file. Thus, regardless of the validity of Rule 5(1), the effect of the June 4 order was to direct that letters issue without regard to prior proof of heirship.

Respondent's argument assumes that, if an order for the issuance of letters was entered on June 4, letters did in fact issue that day. He considers an order for the issuance of letters to be synonymous with the actual issuance of letters.

> "Letter. * * * A commission, patent, or written instrument containing or attesting the grant of some power, authority, or right.
>
> * * *
>
> Letters Testamentary. The formal instrument of authority and appointment given to an executor by the proper court, empowering him to enter upon the discharge of his office as executor." Black's Law Dictionary (4th ed. 1951).

██ Prior to July 1, 1965, section 82 of the Probate Act (Ill. Rev. Stat. 1963, ch. 3, par. 82) provided that letters testamentary be in a form as set forth therein. The form provided that the document be signed by the clerk and bear a date of issuance. Nothing surrounding the repeal of this provision indicated that the foregoing practice be discontinued. The letters in the case under consideration bore the signature of the clerk and bore an issuance date of July 2, 1973. Letters testamentary are not the order of the court but the commission of the court issued by the clerk and more analogous to a writ than to an order. In the absence of proof to the contrary, a summons is presumed to have been issued on the day by which it is dated on its face (*Rural Press Co. v. Chicago Electrotype & Stereotype Co.*, 107 Ill.App. 501. Letters to a personal representative should be treated likewise.

Docket entries constitute directions to the clerk and the docket entry of June 4, 1973, noted that the issuance of letters should be withheld pending proof of heirship. The clerk stated in his published notice of claims date that letters were issued on July 2, 1973, and made his first publication on July 6, 1973, within the 30 days from issuance requirement of section 194 of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 194) if letters issued on July 2 but tardily if they issued on June 4. There was thus abundant evidence to indicate that the date of issuance shown on the letters was accurate.

██ Section 194 makes it the duty of the clerk to give notice by publication informing "all persons of * * * the date of issuance of the letters * * * and that claims may be filed within 6 months from the date of issuance of letters." If respondent's theory is correct, the notice was not timely published and incorrectly informed claimants as to the expiration of the time within which claims could be filed. In *People v. White*, 11 Ill. 341, the failure to give a similarly required notice was held not to toll the time for filing. A text states this to also be the intention of the present statute (James, Illinois Probate Law and Practice § 194 (1951)). Section 204 has also been held to operate as a limitation on the jurisdiction of the court to allow tardily filed claims though the claimant was prevented from filing by fraud (*Messenger v. Rutherford*, 80 Ill.App.2d 25, 225 N.E.2d 94) and when the claimant was a mental defective (*Pratt v. Baker*, 48 Ill.App.2d 442, 199 N.E.2d 307). Respondent's comprehensive brief concedes these to be "rather drastic holdings."

██ It would seem anomalous not to also strictly construe the words of section 204 "within 6 months from the date of issuance of letters" to mean 6 months from the actual issuance of letters and not to mean 6 months from when they ought to have been issued. The claim in issue having been filed within 6 months of the actual issuance of letters, the

180

order of dismissal is reversed and the cause remanded to the Circuit Court of Morgan County.

Reversed and remanded.

SIMKINS, P. J., and CRAVEN, J., concur.