*In re* ESTATE OF SAAD A. GARAWANY, Deceased.—(RALPH L. DICHTL, Adm'r of the Estate of Saad A. Garawany, Plaintiff-Appellant, *v.* FOSTER McGAW HOSPITAL *et al.*, Defendants-Appellees.)

Second District   No. 79-183

Opinion filed January 22, 1980.

Lloyd E. Dyer, Jr., and William M. Tarnow, both of Wheaton, for appellant.

William H. Oswald and Leon S. Conlon, both of Chicago, for appellees.

Mr. JUSTICE LINDBERG delivered the opinion of this court:

Petitioner, Ralph L. Dichtl, administrator of the estate of Saad A. Garawany, appeals from an order of the Circuit Court of Du Page County requiring him to file a supplementary inventory listing the receipt of payment under the medical insurance policy which was described in the original inventory of the Garawany estate.

Saad A. Garawany died on April 26, 1977. For the 13 days preceding his death, Dr. Garawany had received health care from respondents, Foster G. McGaw Hospital and the Loyola Medical Practice Plan. Petitioner was appointed administrator of the Garawany estate on July 14,

1977, and on August 22, 1977, filed an inventory of its assets. Listed among those assets was a "Medical Insurance policy issued to decedent by American Health and Life Insurance Company * * * with maximum amount payable of $150,000.00 and $750 minimum qualifying amount." The clerk of the trial court thereafter published the required notice. Ill. Rev. Stat. 1977, ch. 110½, par. 18—3.

Petitioner received a notice of hospital lien on July 29, 1977, from respondent McGaw Hospital and was billed periodically by the hospital in the amount of $18,226.71 for health services provided to the decedent. Petitioner also received bills totaling $5,910 from respondent Loyola Medical Practice Plan. Following receipt of the hospital lien, petitioner on September 12, 1977, informed personnel of the hospital that the Garawany estate was pending in the circuit court. Nevertheless, neither respondent filed a claim in that court during the six months following the issuance of the letters of administration, nor was petitioner provided with copies of any such claims.

The administrator eventually received the payment of approximately $24,000 on the health insurance policy. Petitioner filed no supplemental inventory to reflect receipt of this payment, but instead, on May 31, 1978, petitioned the trial court to determine that the estate was not liable or indebted to either respondent. Respondents filed a cross-petition to compel the administrator to file a supplemental inventory reflecting receipt of this insurance payment to republish for creditors and for other relief. A hearing was held after which the trial court ordered the filing of a supplemental inventory and the republication. Petitioner subsequently moved for a rehearing and for vacation of the prior order. That motion was denied, and this appeal followed.

Two issues are presented by this appeal: (1) whether an administrator or executor must file a supplemental inventory and republish when he receives payment under a medical expense insurance policy listed in the original inventory, and (2) whether the respondents in this case may invoke equitable principles to obtain from the estate insurance proceeds received by the estate as a result of medical services provided by the respondents.

■■ Section 14—1 of the Probate Act requires an administrator to file a verified inventory of all known property comprising the decedent's estate, both real and personal. If any real property comes to the knowledge of the administrator after he has filed an inventory, he is required to file a supplemental inventory describing these newly discovered assets. (Ill. Rev. Stat. 1977, ch. 110½, par. 14—1.) The inventory constitutes an initial listing of assets, title to which may or may not in fact be in the decedent. The filing of the inventory brings the matter of any disputed property before the court for adjudication. (*Ilg v.*

*Continental Illinois National Bank & Trust Co.* (1968), 94 Ill. App. 2d 143, 236 N.E.2d 316.) Under section 18—12 of the Act all claims not filed within six months from the issuance of letters of office are barred as to all of the estate which has been inventoried within the six-month period. If, however, additional assets are later inventoried, a new claim period is allowed as to the newly inventoried portion of the estate. Ill. Rev. Stat. 1977, ch. 110½, par. 18—12.

It is the position of the petitioner that since there is no dispute that respondents did not file a claim within the statutory period, respondent's claims are barred as to all inventoried assets, including the proceeds of the medical insurance policy, which policy had been inventoried. Petitioner cites the *Ilg* case for the proposition that a separate inventory need not be filed whenever there is a payment under an inventoried contract right. In *Ilg* the executor had inventoried a lease in an industrial park. A claimant holding an assignment of 25% of the rentals under the lease failed to file a claim within the statutory period. The court held that listing of the entire lease was sufficient inventory of the contract right and after the claims period had expired the claimant had no right against each rental payment as it was received.

Respondents maintain that under the holding of *Schloegl v. Nardi* (1968), 92 Ill. App. 2d 302, 234 N.E.2d 558, an insurance policy is neither real nor personal property which can be inventoried, but rather an "inchoate asset" for the protection of the estate against certain potential creditors. We believe, however, that *Schloegl* is clearly distinguishable and that *Ilg* and not *Schloegl* controls the disposition of this case. The issue in *Schloegl* was whether a tort claim against a decedent is subject to the period for filing claims against an estate as opposed to the longer statute of limitations governing tort actions generally. As a rule the administration of an estate does serve to cut off a liability claim against the deceased for which he is protected by liability insurance. (See Uniform Probate Code §3—803(c)(2) (8 Unif. Laws Annot. 1972).) The court in *Schloegl* was faced with the question of whether the inventorying of a liability insurance policy could have the effect of circumventing this rule. The court held that since the policy in question provided a potential fund for the satisfaction of any judgment obtained by a claimant asserting a cause of action covered by the policy, as opposed to a fund for distribution to general creditors, heirs, or legatees, the policy was not an asset subject to administration.

By contrast, payment under the policy in the present case was not dependent on successful claims by a third party. Funds under the medical insurance policy were paid directly to the insured and remained for payment of general creditors or for distribution to heirs or legatees. Respondents admit that they have no direct right to the funds in question,

but at best a fourth priority claim under section 18—10 of the Probate Act as providers of medical services (Ill. Rev. Stat. 1977, ch. 110½, par. 18—10). Thus unlike the liability insurance policy in *Schloegl*, the medical insurance policy here was inventoriable property subject to the six months' period for filing claims against inventoried assets of an estate.

Petitioner also argues that respondents should not be allowed an equitable claim on the assets of the Garawany estate. We agree. Section 18—12 of the Act is not merely a general statute of limitations. This section, as was its predecessor, is a specific provision adopted for the purpose of facilitating early settlement of estates. A failure to file a claim within the statutory period bars the claimant from participating in the inventoried assets of the estate. This is true even if the executor has personal knowledge of the claim. (*In re Estate of Newcomb* (1972), 6 Ill. App. 3d 1094, 287 N.E.2d 141.) It is also long established that the filing of a lien for the amount claimed from an estate is not equivalent to the filing of a claim. (*In re Estate of Nonnast* (1939), 300 Ill. App. 537, 21 N.E.2d 796.) This is not to say that respondents are lacking in equity. Indeed, they correctly argue that "but for" the medical care they provided and their forwarding of medical bills, the insurance proceeds would not have become an asset of the estate. However, "where a legal claim should have been, but was not, filed against the estate within the statutory period, relief will not be accorded by the application of equitable principles." (*In re Estate of Ito* (1977), 50 Ill. App. 3d 817, 820, 365 N.E.2d 1309, 1311, and the cases cited therein.) To hold otherwise would negate the purpose of section 18—12 of facilitating the early settlement of estates.

Accordingly, the judgment of the Circuit Court of Du Page County is reversed and this cause is remanded with directions that the claim of respondents is barred.

Reversed and remanded with directions.

NASH and WOODWARD, JJ., concur.