*In re* ESTATE OF GEORGE L. COLEMAN, Deceased.—(AHAVIA SCHEINDLIN, as Mother and Next Friend of Noam Scheindlin, a Minor, Petitioner-Appellee, *v.* LISETTE COLEMAN, Respondent-Appellant.)

First District (2nd Division)    No. 80-2404

Opinion filed November 3, 1981.—Rehearing denied December 1, 1981.

Law Offices of Stephen Sonderby, of Chicago (Regan D. Ebert, of counsel), for appellant.

Michael F. Maloney and Fishman, Fishman & Saltzberg, P. C., both of Chicago (Sidney Z. Karasik, of counsel), for appellee.

Mr. PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

On May 23, 1980, Michael F. Maloney petitioned, as a creditor, for the issuance of letters of administration to Carol Ligmanowski as administrator of the estate of George L. Coleman, who died on June 3, 1974. Coleman's widow, Lisette Coleman, contested the issuance of letters of administration on the ground that over three years had passed since Coleman's death. On August 8, 1980, the court issued letters of administration. Lisette Coleman appeals, raising the issue of whether the court erred in issuing letters of administration more than three years after Coleman's death. For the following reasons, we affirm.

The petition for letters of administration listed as unknown the value

of any: real property; or income from real estate; or the amount of an automobile insurance policy. Accompanying the petition was an affidavit setting forth that the petitioner was an attorney representing Ahavia Scheindlin as mother and next friend of Noam, a minor; and that Noam Scheindlin was injured in an accident on April 18, 1972, at which time he was 5½ years old.

On May 28, 1980, Lisette Coleman, through her attorney, filed a special and limited appearance and motion to quash and dismiss the petition for letters of administration on the ground that the three year nonclaim provision of section 18—12(b) of the Probate Act (Ill. Rev. Stat. 1979, ch. 110½, par. 18—12(b)) barred the filing of any claims three years after decedent's death.

A hearing was held on the petition on August 8, 1980, in which the court noted that the only issue before it was whether or not letters of administration should issue, not whether a claim against the estate should be barred, which issue was premature. The court consequently denied Lisette Coleman's motion, and further ordered that section 18—12(b) does not bar the court from issuing letters of administration more than three years after decedent's death.

Appellant asserts that no equitable consideration, including disability of a claimant, may be applied to extend the period for filing claims as articulated in section 18—12(b) of the Probate Act, which provides that all claims brought against an estate (with certain specified exceptions not relevant here) are "barred unless letters of office are issued upon the estate of decedent within 3 years after his death." She argues the court thus erred in issuing letters of administration more than three years after Coleman's death.

■■ We note at the outset that nowhere in the record before us is there evidence that a claim has been filed against the estate. Thus, since no claim has yet been filed against which section 18—12(b) might be raised, the trial court properly refused to determine whether or not a claim against the estate should have been barred. Courts may not render advisory opinions except where required to do so by statute. (*In re Estates of Rice* (1979), 77 Ill. App. 3d 641, 396 N.E.2d 298.) Moreover, the issue of whether section 18—12(b) applies to bar claims against the instant estate is, under these circumstances, a hypothetical question not reviewable by this court. See *In re Johnson* (1977), 53 Ill. App. 3d 921, 369 N.E.2d 70; *In re Matter of Creager* (1944), 323 Ill. App. 594, 56 N.E.2d 649.

■■ Further, appellee's petition for letters listed, as the only asset of the estate, an automobile insurance policy, the amount of which was unknown. Section 18—12(b) only applies to "* * * claims barrable under this Section * * *," which section "* * * does not bar actions to establish liability of the decedent to the extent the estate is protected by liability

insurance." (Ill. Rev. Stat. 1979, ch. 110½, pars. 18—12(b), 18—12(a).) Whether any action brought by appellee would constitute a liability claim against decedent for which his estate is protected by said insurance policy, thus precluding the application of section 18—12(b) to the case at bar (cf. *In re Estate of Garawany* (1980), 80 Ill. App. 3d 401, 403, 399 N.E.2d 1024) is also a question, the determination of which would be premature, given the dearth of facts before us. For the foregoing reasons the trial court's order is affirmed.

Affirmed.

STAMOS and DOWNING, JJ., concur.