**TRUSTEES OF CENTRAL LABORERS' PENSION FUND, a trust fund, Trustees of Central Laborers' Welfare Fund, a trust fund, and Trustees of Illinois Laborers' & Contractors' Training Program & Trust Fund, Plaintiffs,**

v.

**Austin TISLER, d/b/a Tisler Concrete Construction, and Carol Tisler and Greg Tisler, co-executors of the estate of John Austin Tisler, deceased, Defendants.**

No. 85–1289.

United States District Court,
C.D. Illinois, C.D.

July 29, 1986.

David W. Stuckel, Harvey & Stuckel, Peoria, Ill., for plaintiffs.

Keigh R. Leigh, Seneca, Ill., for defendants.

## ORDER

MIHM, District Judge.

Plaintiffs, Trustees of the three above-named trust funds, have filed this action seeking payment of unpaid fringe benefits contracted for by the Defendant, Austin Tisler. Jurisdiction is asserted pursuant to 29 U.S.C. §§ 185 and and 1132 and 28 U.S.C. § 1331.

This action was originally filed on July 26, 1985 against Austin Tisler and Henry Tisler, doing business as Tisler Concrete Construction. Plaintiffs learned during discovery that Henry Tisler was not, in fact, a partner in the concrete company and he was dismissed on stipulation for voluntary dismissal on February 6, 1986. Plaintiffs also learned that John Austin Tisler was dead and that Carol Tisler and Greg Tisler had been appointed co-executors of his estate (pursuant to an order of the Circuit Court of LaSalle County, Illinois, Probate Division, dated the 14th day of September, 1984). On March 20, 1986, Plaintiffs amended their complaint to add the co-executors as party Defendants. Thereafter, on April 30, 1986, Defendants Carol and Greg Tisler moved to dismiss the complaint. That motion is presently pending.

The argument of Defendants for dismissal is a two-pronged one. First, they claim that there is nothing in the amended complaint which either alleges or states a cause of action against Carol and Greg Tisler as individuals. The action against them must, therefore, lie, if at all, as executors of John Tisler's estate. The second step of their argument is that, under Illinois law, any claims against a decedent's estate must be filed within six months of the appointment of the executor and issuance of papers of administration. In this case, that happened on September 14, 1984. The complaint was not filed until July 26, 1985.

Notice of the death and the issuance of letters of office was published for three weeks beginning on September 19, 1984 and ending October 3, 1984 in the Ottawa *Daily Times*. The claim notice contained the following statement:

"Claims against the estate may be filed in the office of the Clerk of Court, La-Salle County Courthouse, Ottawa, Illinois 61350, or with the representative, or both, within six months from the date of issuance of letters and any claim not filed within that period is barred...."

The Plaintiffs respond to the motion to dismiss by claiming that exclusive jurisdiction of their cause of action is vested in the federal district courts by 29 U.S.C. § 1132(e) and that, pursuant to 29 U.S.C. § 1144, the law of the State of Illinois is preempted. The only exception to the exclusivity of jurisdiction, they assert, relates to the right of a participant or beneficiary of a fund or program to recover benefits in state court. 29 U.S.C. § 1132(a)(1)(B); *Laborers' Health and Welfare Trust Fund v. Kaufman & Broad, Inc.*, 707 F.2d 412 (9th Cir.1983).

The actual language of § 1144 reads as follows:

"Except as provided in Subsection (b) of this section, the provisions of this subchapter and Subchapter III of this chapter shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan described in Section 1003(a) of this title and not exempt under Section 1003(b) of this title. This section shall take effect on January 1, 1975."

Plaintiffs assert that subsection (b) contains no exemptions which are pertinent to the pending action.

The Plaintiffs contend that, inasmuch as the Illinois probate law would tend to bar cases otherwise timely filed pursuant to ERISA, the probate law does "relate to any employee benefit plan" and must be superseded pursuant to § 1144.

## DECISION

Plaintiffs, Defendants, and the Court have all researched the issue carefully and

conclude that this particular question is one of first impression.

As indicated by Plaintiffs, § 1144(a) of ERISA provides:

"Except as provided in Subsection (b) of this section, the provisions of this subchapter and Subchapter III of this chapter shall supersede any and all state laws *insofar as they may now or hereafter relate to any employee benefit plan described in Section 1003(a) of this title and not exempt under Section 1103(b) of this title.*"

State law includes, by definition in 29 U.S.C. § 1144(c)(1), "all laws, decisions, rules, regulations, or other State action having the affect of law, of any State." The United States Supreme Court has stated that:

"A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899–2900, 77 L.Ed.2d 490 (1983).

In *Shaw,* the court considered whether a New York Human Rights Law prohibiting discrimination in employee benefit plans based on pregnancy and a state Disability Benefits Law requiring the payment of specific benefits to employees by employers "related to" ERISA and would, therefore, be preempted. It was determined that Congress meant to preempt more than those state laws which regulated subjects specifically covered by ERISA—reporting, disclosure, fiduciary responsibility, etc. Rather, the congressional language was broad and its coverage was intended to be equally expansive, including even generally applicable state criminal statutes within its sphere. See § 1144(b).

Plaintiffs have argued that the *Shaw* court's analysis would require preemption of Illinois' probate law because that law could preclude the collection of delinquent payments necessary to fund the benefit program.

The Court first considers the applicability of § 1144 to the issue presented here.

Congress has, as discussed above, designed ERISA:

"reserv[ing] to federal authority the sole power to regulate the field of employee benefit plans. With the preemption of the field, we round out the protection afforded participants by eliminating the threat of conflicting and inconsistent State and local regulation." Comments of Rep. Dent, 120 Cong.Rec. 29197 (1974).

Senator Williams was a bit more specific in his remarks:

"It should be stressed that with the narrow exceptions specified in the bill, the substantive and enforcement provisions of the conference substitute are intended to preempt the field for Federal regulations, thus eliminating the threat of conflicting or inconsistent State and local regulation of employee benefit plans." *Id.* at 29933.

With all the expansiveness of language and breadth of coverage, Congress left some matters to be determined by reference to state law. One of these is the selection of an appropriate statute of limitations for ERISA causes of action.

Neither § 185 nor § 1132—the sections conferring jurisdiction in this action—contain a statute of limitations for bringing civil actions. In the absence of such a provision, federal courts handling § 301 cases (29 U.S.C. § 185) have found that statute of limitations questions should be answered by looking to the most appropriate state statute of limitations. This practice has been ratified by the Supreme Court and followed by the Seventh Circuit Court of Appeals. *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981); *International Union, UAW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 705, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192 (1966); *Davidson v. Railway Express, Inc.,* 650 F.2d 902, 903 (7th Cir.), cert. denied 455 U.S. 947, 102 S.Ct. 1447, 71 L.Ed.2d 661 (1981).

Because ERISA (29 U.S.C. § 1132) also contains no statute of limitations, the same procedure is followed. This procedural

parallelism was directed by a statement issued jointly by the Senate and the House of Representatives which stated:

"All such [civil actions enforcing ERISA] in Federal or State courts are to be regarded as arising under the laws of the United States in similar fashion as those brought under section 301 of the Labor-Management Reporting Act of 1947."

H.R. Conf.Rep. No. 93–1280, Joint Explanatory-Statements of the Committee of Conference, 93rd Cong. 2nd Sess., Reprinted in (1974) U.S.Code Cong. & Admin.News, pp. 4639, 5038, 5107.

Relying on this instruction, the Seventh Circuit Court of Appeals held that the statute of limitations for ERISA should be determined by reference to the law of Illinois. *Jenkins v. Local 705, International Brotherhood of Teamsters,* 713 F.2d 247 (7th Cir.1983). Thus, it would appear that there is no federal law pertinent to the pending motion with which an Illinois limitation on civil actions would conflict.

The Court decided in *Jenkins* that the most appropriate standard was Illinois Revised Statutes, ch. 110, § 13–206 which permitted a plaintiff ten years after the accrual of a cause of action on "bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing." This same statute would seem to be controlling in an action seeking payment of delinquent benefit contributions under normal circumstances.

But Plaintiffs here are seeking to recover the contributions from an estate in the process of administration. If the ten-year statute of limitations had been enacted by Congress, the Court's discretion to undertake the following analysis would be restricted. However, such is not the case.

In making its decision in *Jenkins,* supra, the Seventh Circuit held that:

"It is clear that the characterization of a particular action for the purpose of selecting the most appropriate state statute of limitations is ultimately a question of federal law. *International Union UAW v. Hoosier Cardinal Corp.,* supra [383 U.S.] at 706 [86 S.Ct. at 1113]. In order

to determine the appropriate state statute of limitations, the court must first properly characterize the action." 713 F.2d at 251–252.

This Court acknowledges the impact of federal law as applied by the Seventh Circuit in determining the appropriate limitations standard and has no quarrel with the general applicability of the ten-year statute.

■ However, Illinois probate law modifies state statutes of limitations as set out in Illinois Revised Statutes, ch. 110½, § 18–12:

"18–12. *Limitation on Payment of Claims.*

Limitations on payment of claims. (a) All claims against the estate of a decedent, except expenses of administration and surviving spouse's or child's award, not filed with the representative or the court within 6 months after the entry of the original order directing issuance of letters of office are barred as to all of the decedent's estate, unless notice is not published as provided in subsection (a) of Section 18–3 but is published as provided in subsection (b) of Section 18–3, in which event all claims not filed within 6 months after the first publication date are barred as to all of the decedent's estate; but this Section does not bar actions to establish liability of the decedent to the extent the estate is protected by liability insurance.

(b) All claims barrable under this Section are, in any event, barred unless letters of office are issued upon the estate of the decedent within 3 years after his death."

This bar applies to any claim against the inventoried assets of the estate even if the executor has personal knowledge of the claim. *Estate of Garawany,* 80 Ill.App.3d 401, 35 Ill.Dec. 735, 399 N.E.2d 1024 (2nd Dist.1980). Such knowledge is not alleged here.

Following oral arguments and at the request of the Court, a supplemental affidavit was filed attesting to the status of the inventory of the estate of John Austin Tisler. The inventory of assets was prepared

by the legal representative of the estate and the co-executors and filed on March 15, 1985 in the Circuit Court of LaSalle County, Illinois, Probate Division. It included all real and personal property of the decedent with an approximate value of $35,-385.35 and a cause of action for wrongful death of undetermined value. Defendants allege that these are all of the estate's assets.

The issuance of papers occurred on September 14, 1984 and the six-month claim period began to run at that time. Any claim had to be filed no later than March 13, 1985. The court in *Garawany*, supra, had held, citing Illinois Revised Statutes, ch. 110½, § 18–12 (1977), that the period was running only on those assets inventoried within the six-month period. The court, however, also indicated that if additional assets were later inventoried, a new claim period would be allowed as to the newly-inventoried portion of the estate. *Estate of Garawany*, supra, 35 Ill.Dec. at 737, 399 N.E.2d at 1026.

The language of the 1977 statute referred to in *Garawany* was eliminated by P.A. 81–213, § 1, effective January 1, 1980 and while an inventory must be filed within 60 days of the issuance of letters (see § 14–1), the filing of claims is no longer tied to an inventory period. Therefore, even if all of the assets of the estate had not been listed in the inventory, no later or extended claim period would result as long as the notice provisions are complied with.

The Court finds that Defendants are in compliance with those terms of § 18–12 which relate to them, including the notice provision. It is further found that Plaintiffs failed to file their claim within the six-month period set out in the statute. "The filing of a claim within the period specified by section 18–12 is mandatory (*In re Estate of Newcomb* (1972), 6 Ill. App.3d 1094, 287 N.E.2d 141), and no exception to the filing period may be engrafted by judicial decision (*In re Estate of Ito* (1977), 50 Ill.App.3d 817, 8 Ill.Dec. 847, 365 N.E.2d 1309)." *Matter of Estate of Hoheiser*, 97 Ill.App.3d 1077 [53 Ill.Dec. 612] 424 N.E.2d 25 (1981).

As was pointed out by the court in *Garawany*, supra:

"Section 18–12 of the Act is not merely a general statute of limitations. This section, as was its predecessor, is a specific provision adopted for the purpose of facilitating early settlement of estates. A failure to file a claim within the statutory period bars the claimant from participating in the inventoried assets of the estate." 80 Ill.App.3d at 404, 35 Ill.Dec. at 738, 399 N.E.2d at 1027.

This is even more clearly the case since the Probate Act revision, effective January 1, 1980, simplifies settlement of decedent's estate. Barnard, M.J., Williams, J.C., and Zartman, J.N., 68 Illinois Bar Journal 248 (1976).

The State of Illinois has advanced good, sound policy reasons for its probate rule. It was plainly enacted to bring about simple, prompt disposition of estates and not developed to wreak havoc with ERISA.

■ Regarding the claim in the Motion to Dismiss that Plaintiff has failed to state a claim against Carol and Greg Tisler in their individual capacities, the Court has reviewed the amended complaint and concurs in that assessment. It appears that Plaintiff has merely reiterated the allegations of the original complaint without tailoring them to apply to the new parties. It is not alleged that either Defendant is an owner or principal in the Tisler Concrete Corporation or that they stood in any relationship to the business entity which would support the claim that they, personally, contracted or otherwise made promises to pay the contributions sought here.

For the foregoing reasons, the Court here holds that the ten-year Illinois statute of limitations which normally obtains in ERISA actions of this nature is modified, for good and sufficient reasons, by § 18–12 of the Probate Act. Plaintiffs' claim is barred by the statute of limitations which the Court has here determined to be the applicable one and the Motion to Dismiss is, therefore, GRANTED. The Court also

holds that, inasmuch as the amended complaint fails to make allegations against Carol and Greg Tisler, as individuals, it fails to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and should also be dismissed on that ground.