*In re* ESTATE OF EVELYN G. McVIETTY, f/k/a Evelyn G. Zuidema, Deceased (Seminary Manor *et al.*, Plaintiffs-Appellees, v. Estate of Evelyn G. McVietty, Deceased, Defendant-Appellant).

Third District    No. 3—99—0387

Opinion filed March 31, 2000.

Dwight L. Shoemaker (argued), of Conway & Shoemaker, of Aledo, for appellant.

Daniel L. Maher (argued), of Springfield, for appellees.

JUSTICE BRESLIN delivered the opinion of the court:

Defendant, the executor of the estate of Evelyn McVietty (estate), appeals from the trial court's decision in favor of plaintiffs Seminary Manor and Rosewood Care Center of Galesburg (plaintiffs). The trial court found that the probate claims filed by the plaintiffs were entitled to super priority and should be paid in full. In accord with the following discussion, we reverse and hold that, when an estate is insolvent, probate claimants of that estate are not entitled to direct reimburse-

ment from health insurance proceeds paid to the estate for health services provided by the claimants to the decedent. The claims of such claimants are seventh-class claims under the Probate Act of 1975 (the Act) (755 ILCS 5/1 *et seq.* (West 1998)) and must be treated as such.

## FACTS

The plaintiffs furnished Evelyn G. McVietty with nursing home care and, upon her death, each filed a contract claim against the estate for services rendered. Seminary Manor sought $1,790 and Rosewood sought $2,774.

At McVietty's death, her estate was reimbursed for the nursing home services through an insurance policy. The policy paid the full $1,790 for the Seminary Manor services and paid $805 for the Rosewood services. McVietty had not assigned her rights to the insurance proceeds to the nursing homes. The sums were paid directly to the estate, which treated the proceeds as assets of the estate. The estate was insolvent, however. Eight contract claims totaling approximately $16,868 were filed against it while its total reported assets were approximately $11,140.

At a hearing on the claims, the parties stipulated to the amounts owed to the plaintiffs. The estate argued that the insurance proceeds were part of the estate and that the plaintiffs' claims should not be given priority. The nursing homes argued that the insurance resulted from services rendered by them and should be held by the estate in a constructive trust for their benefit.

The trial court found in favor of the plaintiffs, holding that Seminary Manor's claims were to be paid in full and that $805 of the Rosewood claim was to be paid, with the balance of $1,369 to be treated as a seventh-class claim under the Act. In other words, the court directed the estate to pay the exact amounts of the insurance reimbursement to the nursing homes. The court stated that to treat the claims in any other fashion would be an unjust enrichment to the estate. The estate now appeals.

## ANALYSIS

The estate argues that the insurance proceeds are part of the estate assets and, under the Act, the plaintiffs' claims should not have been given priority to those assets. We agree.

■ Section 18—10 of the Act provides that all claims against the estate of a decedent are divided into classes in the following manner:

"1st: Funeral and burial expenses ***.

2nd: The surviving spouse's or child's award.

3rd: Debts due the United States.

4th: Money due the employees of the decedent *** and expenses attending the last illness.

5th: Money and property received or held in trust by the decedent which cannot be identified or traced.

6th: Debts due this State ***.

7th: All other claims." 755 ILCS 5/18—10 (West 1998).

The Act further directs the representative of the estate to pay all claims in the order of their classification. 755 ILCS 5/18—13 (West 1998). Accordingly, giving a plain reading to the language of the Act, the estate is correct that the trial court should not have prioritized the nursing homes' claims. The nursing homes' claims are plainly seventh-class claims under the Act.

Nevertheless, the plaintiffs maintain that the trial court correctly determined that they are entitled to the insurance proceeds. In essence, they asked for and received an equitable remedy from the court, which stated that "to accept the funds and not pay the bills for which the money was provided is a breach of ethics and creates an unjust enrichment to the estate."

To support their position, the plaintiffs rely solely on *dicta* from *In re Estate of Garawany*, 80 Ill. App. 3d 401, 399 N.E.2d 1024 (1980). In that case, like this one, the decedent's medical insurance paid the estate for services rendered by medical providers prior to the decedent's death. Unlike this case, however, the providers did not timely file claims against the estate and the court denied the providers' claims for this reason. Nevertheless, the court stated, "[t]his is not to say that [the providers] are lacking in equity. Indeed, they correctly argue that 'but for' the medical care they provided and their forwarding of medical bills, the insurance proceeds would not have become an asset of the estate." *Garawany*, 80 Ill. App. 3d at 404, 399 N.E.2d at 1027. The court concluded that when " 'a legal claim should have been, but was not, filed against the estate within a statutory period, relief will not be accorded by the application of equitable principles.' " *Garawany*, 80 Ill. App. 3d at 404, 399 N.E.2d at 1027, quoting *In re Estate of Ito*, 50 Ill. App. 3d 817, 820 (1977).

■ We recognize that there is some merit in the *Garnaway dicta* cited by the plaintiffs. However, we are unpersuaded by it because the Act dictates the outcome here, and we believe that the trial court erred by drawing on its equitable powers in the face of such clear statutory direction. See *Rockford Drop Forge Co. v. Pollution Control Board*, 221 Ill. App. 3d 505, 582 N.E.2d 253 (1991) (court may not simply dispense with plain requirements of a statute by drawing on its equitable powers); see also *Evangelical Hospital Ass'n v. Novak*, 125 Ill. App. 3d 439, 465 N.E.2d 986 (1984) (any power existing in equity may not dispense with the plain requirements of a statute). The insurance contract was owned by the decedent. The insurance proceeds

were rightfully paid to the decedent's estate and thus became part of the estate's assets. The Act furnishes clear instruction that such assets are to be distributed in accord with the structure of claims as prioritized therein. There can be no other conclusion than that the plaintiffs' claims in this case are seventh-class claims under the Act. Thus, the court erred by giving them super priority.

For the reasons stated above, the judgment of the circuit court of Henry County is reversed and the cause is remanded for further proceedings consistent with this order.

Reversed and remanded.

SLATER, P.J., and HOLDRIDGE, J., concur.