In re ESTATE OF GEORGE HOHEISER, Deceased.—(WILLIAM M. BOWLING, Director, Illinois Department of Labor, Claimant-Appellant, *v.* ANNA HOHEISER, Ex'r of the Estate of George Hoheiser, Deceased, Respondent-Appellee.)

First District (5th Division)    No. 80-1595

Opinion filed June 26, 1981.

Tyrone C. Fahner, Attorney General, of Chicago (Richard J. Puchalski, Assistant Attorney General, of counsel), for appellant.

James L. Dowd and John J. Ahern, both of Chicago (Norman E. Wilson, of counsel), for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

The Director of the Illinois Department of Labor (Director) filed a claim against the estate of George Hoheiser on behalf of employees who allegedly were paid less than the prevailing minimum wage. The court approved the claim as to those employees who had previously assigned their individual claims to the Department of Labor. After entry of this order, another employee assigned his claim to the Director, whose motion to amend the prior order to include this claim was denied. This appeal concerns the propriety of that denial.

The parties have stipulated to the pertinent facts. After the executor of the estate was appointed on April 25, 1979, the Director filed a claim against the estate on July 6 in the amount of $15,925 for back wages on behalf of "certain employees" of decedent, who allegedly were paid less than the statutory minimum wage. At this time, the Director possessed assigned claims in the amount of $8,692.31 from some of decedent's employees.

On November 7, the court, finding no genuine issue of material fact in existence, approved payment to the Director of $8,692.31, the amount of the assigned claims, and later the executor was authorized to pay that amount in monthly installments. Then, on March 17, 1980, Charles DePung, an employee of decedent, assigned his claim for wages of $2,281.13 to the Director whose motion to amend the prior order to include payment of that amount was denied,[1] and this appeal followed.

OPINION

We initially note that while the order denying the Director's motion to amend does not indicate the court's reasoning, the executor in an answer to the motion asserted that the claim was barred because it was not timely filed, and the briefs of the parties in this court treat the denial as having been on that basis.

The original claim of the executor did not specify the employees on whose behalf it was filed, nor did it assert that any assignments had been obtained by the Director. He maintains, however, that it was filed for all

---

[1] The motion also requested approval of the claim of Ricardo Diaz, another employee of decedent, who apparently assigned his claim to the Director. However, it appears that Diaz subsequently withdrew his assignment.

the employees, including DePung, and that he had authority to do so without first obtaining assignments from each of them. We disagree.

■■ An administrative agency possesses no inherent or common law power (*Sibley v. Health & Hospitals' Governing Com.* (1974), 22 Ill. App. 3d 632, 317 N.E.2d 642), and thus the only power held by such body is conferred by express provision of law or is found, by fair implication or intendment, to be incident to and included in the authority expressly conferred for the purpose of carrying out and accomplishing the objectives for which the agency was created (*Department of Public Aid v. Brazziel* (1978), 61 Ill. App. 3d 168, 377 N.E.2d 1119).

■■ Pertinent here is section 12(b) of the Minimum Wage Law (Ill. Rev. Stat. 1977, ch. 48, par. 1012(b)), which provides:

> "*At the request* of any employee paid less than the wage to which he is entitled under the provisions of this Act, the Director may take an assignment of such wage claim in trust for the assigning employee and may bring any legal action necessary to collect such claim, and the employer shall be required to pay the costs." (Emphasis added.)

Since there is no other provision in this act authorizing actions brought by the Director on behalf of an employee,[2] the Director has authority to institute such an action only at the request of the aggrieved employee.

■■ The record before us discloses only one request of DePung that an action be brought for wages; namely, his March 1980 assignment of claim, which provides in pertinent part, "This assignment is solely for the purpose of bringing legal action to collect such claim on my behalf." Thus, when the original claim against decedent's estate was filed on July 6, 1979, the Director lacked authority to institute an action on behalf of DePung and, contrary to the position of the Director, DePung's claim for wages was not then before the court.

■■ We turn then to the question as to whether the Director's subsequent motion on March 20, 1980, for the approval of DePung's claim, was timely filed. Under section 18—12 of the Probate Act (Ill. Rev. Stat. 1977, ch. 110½, par. 18—12), a provision adopted for the purpose of facilitating early settlement of estates (*In re Estate of Garawany* (1980), 80 Ill. App. 3d 401, 399 N.E.2d 1024; *Messenger v. Rutherford* (1967), 80 Ill. App. 2d 25, 225 N.E.2d 94), failure to file a claim within six months of the issuance of letters of administration bars the claimant from participating in the inventoried assets of the estate. There is no dispute that the executor of decedent's estate was appointed on April 25, 1979, and that letters of

---

[2] Although section 11(d) (Ill. Rev. Stat. 1977, ch. 48, par. 1011(d)) imposes a duty upon the Department of Labor to institute actions to achieve compliance with the act, this obligation is expressly limited to actions "for penalties," and thus does not grant the department authority to initiate actions for wages on behalf of employees.

office were issued the same day. Therefore, under section 18—12, the final date for filing claims was October 25—approximately five months prior to the filing of the Director's motion for approval of DePung's claim.

Nonetheless, the Director argues that it should not be barred because (1) decedent's estate was fully apprised of the fact that his original claim included that of DePung; and (2) the estate was still open with monthly payments being made to other employees, so that approval of the DePung claim would not delay the administration of the estate or otherwise work hardship upon it.

■■ The filing of a claim within the period specified by section 18—12 is mandatory (*In re Estate of Newcomb* (1972), 6 Ill. App. 3d 1094, 287 N.E.2d 141), and no exception to the filing period may be engrafted by judicial decision (*In re Estate of Ito* (1977), 50 Ill. App. 3d 817, 365 N.E.2d 1309). Here, we have found that the Director had no authority to present a claim on behalf of DePung when the original claim was filed, and that DePung's claim was not then before the court. Accordingly, we conclude that the motion to approve DePung's claim was not timely and was properly denied.

■■ The Director also takes the position that his original claim could have been amended to include the subsequently assigned wage claim, and that consequently the court could have modified its previous order without offending the principles of section 18—12. We note, however, that the Director did not request leave to amend that claim and that his motion, which was filed after judgment, sought only a modification of the court's prior approval order. After final judgment, a pleading may be amended only to conform the pleadings to the proof (Ill. Rev. Stat. 1979, ch. 110, par. 46(3); *Fultz v. Haugan* (1971), 49 Ill. 2d 131, 273 N.E.2d 403), and, in the instant case, the amendment would not conform to the proof presented; but, rather, would in effect be additional proof, since DePung's assignment of claim and request to institute legal action occurred subsequent to final judgment.

For the foregoing reasons, the order appealed from is affirmed.

Affirmed.

LORENZ and MEJDA, JJ., concur.