PALATINE NATIONAL BANK, Trustee, *et al.*, Plaintiffs-Appellants, *v.* CHARLES W. GREENGARD ASSOCIATES, INC., Defendant-Appellee.

Second District No. 82—474

Opinion filed November 3, 1983.

Harold E. Collins and Bruce L. Goldman, both of Chicago, for appellants.

James T. Ferrini, Henry R. Daar, Lisa D. Marco, and Stephen D. Marcus, all of Clausen, Miller, Gorman, Caffrey & Witous, of Chicago, for appellee.

JUSTICE NASH delivered the opinion of the court:

Plaintiffs, George Dunn, Henry Hop, Larry Brelsford, Benjamin Falk and Roger Wahlin, doing business as Investco, an Illinois partnership (Investco), appeal from an order of the circuit court of McHenry County dismissing counts I through III and striking portions of count IV of their second amended complaint at law filed against defendant, Charles W. Greengard Associates, Inc. (Greengard).

Investco's second amended complaint against Greengard consisted of four counts, the first three of which sounded in negligence and the fourth count in contract. All of the counts alleged the same factual background of the dispute between the parties. In 1973, Investco was formed for the purpose of purchasing, developing and selling real estate known as Loch Wood Acres. Towards that end, Investco retained Greengard for the preparation of preliminary engineering studies with respect to the property. The complaint alleges that Investco informed Greengard that it intended to annex Loch Wood Acres to the city of Crystal Lake; that the development was to occur in three phases over a seven-year period; that the real estate was being purchased pursuant to a land contract which was financed through various banks; and, that Investco intended to develop and sell the improved lots as they were completed. In 1975, Investco entered into a written agreement with Greengard for professional engineering services which included the design of a system to dispose of storm and surface water from the real estate as well as to calculate the grading requirements for the different phases of the project. Investco alleged that it then became the duty of Greengard to use that degree of care and skill usually and customarily followed by other engineers under similar circumstances in the performance of these services. Greengard did design a system as contemplated by the written agreement and in 1976 Loch Wood Acres was annexed to the city of Crystal Lake.

The complaint further alleges that in June 1977, certain of the

plaintiffs entered into a written agreement to sell portions of Phase I of Loch Wood Acres; that in February 1978, the storm water drainage system had been constructed, but it was contrary to the specifications and designs submitted by Greengard and water began to accumulate in the retention ponds. During the spring thaw of 1979, the retention ponds filled and overflowed resulting in the inundation of the undeveloped parts of the real estate. Because of the flooding, the city of Crystal Lake refused to permit further development of Loch Wood Acres and Investco was prevented from continuing its development of Phases II and III. In May 1979, Investco discharged Greengard for its failure to design an acceptable storm water drainage system. As a result of the delay caused by the flooding, various banks foreclosed on the real estate, forcing Investco to convey all of its rights in the property to the mortgage holders.

Count I of Investco's complaint alleged also that Greengard breached its duty to Investco by designing an inadequate storm and surface water drainage system and sought damages for expenses and lost profits as well as for attorney fees incurred by Investco in actions and negotiations outside of this litigation. Count II of the complaint sought damages for Greengard's failure to adequately plan the landscape grading for the preparation of Phase I of Loch Wood Acres. Count III of the complaint sought punitive damages for Greengard's reckless, wilful and wanton conduct with respect to its negligence as specified in counts I and II. Count IV was for breach of warranty premised upon the written agreement entered into between the parties.

Upon the motion of Greengard, the circuit court dismissed counts I through III (sounding in negligence) in their entirety as contrary to the economic loss doctrine established by our supreme court in *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 435 N.E.2d 443. Although it did not dismiss count IV, the trial court struck portions which sought damages for lost profits and attorney fees incurred in actions outside of this litigation. Investco appeals.

■■ Initially, we note that for the purposes of ruling on a motion to dismiss all well-pleaded facts contained in a complaint must be taken as true and all inferences therefrom must be drawn in favor of the nonmovant. (*Burks Drywall, Inc. v. Washington Bank & Trust Co.* (1982), 110 Ill. App. 3d 569, 572, 442 N.E.2d 648, 651; *Album Graphics, Inc. v. Beatrice Foods Co.* (1980), 87 Ill. App. 3d 338, 344, 408 N.E.2d 1041, 1046.) A complaint should not be dismissed for failure to state a cause of action unless it clearly appears that no set of facts could be proven under the pleadings which would entitle plaintiff

to relief. (*Burks Drywall, Inc. v. Washington Bank & Trust Co.* (1982), 110 Ill. App. 3d 569, 572, 442 N.E.2d 648, 651-52; *Felbinger & Co. v. Traiforos* (1979), 76 Ill. App. 3d 725, 731, 394 N.E.2d 1283, 1289.) Although Illinois requires fact rather than notice pleading (Ill. Rev. Stat. 1981, ch. 110, pars. 2—603(b), 2—612(c); *Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 17, 440 N.E.2d 96, 98), a complaint will not be dismissed if facts essential to its claim appear by reasonable implication and it reasonably informs the defendants of a valid claim under a general class of cases. *Magana v. Elie* (1982), 108 Ill. App. 3d 1028, 1031, 439 N.E.2d 1319, 1321; *Central States, Southeast & Southwest Areas Pension Fund v. Gaylur Products, Inc.* (1978), 66 Ill. App. 3d 709, 713, 384 N.E.2d 123, 126.

Investco initially contends that the dismissal of counts I, II and III of its second amended complaint was erroneous in that the economic loss doctrine as set forth in *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 435 N.E.2d 443, does not apply to the case at bar. We do not agree. It is now settled in Illinois that when a defect of a product is of a qualitative nature and the alleged harm relates to the consumer's expectation that the product is of a particular quality resulting in solely economic injury, without personal injury or other property damage, the appropriate remedy lies in contract, and not in tort. (*Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 81-85, 435 N.E.2d 443, 448-53; *Redarowicz v. Ohlendorf* (1982), 92 Ill. 2d 171, 176-77, 441 N.E.2d 324, 326-27; *Foxcroft Townhome Owners Association v. Hoffman Rosner Corp.* (1983), 96 Ill. 2d 150, 156, 449 N.E.2d 125, 127.) This doctrine applies regardless of whether the tort theory involved is in strict liability or simple negligence. (*Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 85, 435 N.E.2d 443, 451.) The doctrine has been applied to deny recovery in tort in a variety of factual settings including: sale of a defective grain storage tank (*Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 435 N.E.2d 443); the sale of a home (*Redarowicz v. Ohlendorf* (1982), 92 Ill. 2d 171, 441 N.E.2d 324); latent construction defects (*Foxcroft Townhome Owners Association v. Hoffman Rosner Corp.* (1983), 96 Ill. 2d 150, 449 N.E.2d 125); sales of computer software (*Black, Jackson & Simmons Insurance Brokerage, Inc. v. International Business Machines Corp.* (1982), 109 Ill. App. 3d 132, 440 N.E.2d 282); and the design and assembly of a traveling ship unloader (*Flintkote Co. v. Dravo Corp.* (11th Cir. 1982), 678 F.2d 942).

Even prior to the definitive *Moorman* decision in 1982, the Illinois courts have recognized that purely economic loss caused by the

failure to perform contractual duties is not recoverable under tort theories when the parties to the litigation are in privity of contract. *Heat Exchangers, Inc. v. Aaron Friedman, Inc.* (1981), 96 Ill. App. 3d 376, 421 N.E.2d 336 (sale of heat pumps); *Fireman's Fund American Insurance Cos. v. Burns Electronic Services, Inc.* (1980), 93 Ill. App. 3d 298, 417 N.E.2d 131 (sale of defective fire alarm); *Album Graphics, Inc. v. Beatrice Foods Co.* (1980), 87 Ill. App. 3d 338, 408 N.E.2d 1041 (sale of glue with warranty); *Alfred N. Koplin & Co. v. Chrysler Corp.* (1977), 49 Ill. App. 3d 194, 364 N.E.2d 100, *appeal denied* (1977), 66 Ill. 2d 628 (sale of air conditioner).

■ We conclude the trial court correctly dismissed counts I, II and III of the second amended complaint. The product sold in this case consisted of the design and construction of a storm and surface water removal system to be constructed on Loch Wood Acres. The only defect alleged in the complaint was that the system failed to perform its function as represented. Moreover, the only damages sought relate essentially to lost profits, expenses incurred to cure the problem, depreciation of the value of the premises, and attorney fees incurred in other litigation arising from the fact that the project could not be completed on schedule. There are no allegations of personal injury or property damage contained in the complaint. The only possible allegation of property damage is that contained in portions of paragraph 29(d) of counts I and III which allege, in part, damage as a result of "the clean up and restoration of the premises due to the flood." However, such an allegation is insufficient in that the damage relates to the natural accumulation of water on the premises and not to the "type of sudden and dangerous occurrence best served by the policy of tort law." (*Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 85, 435 N.E.2d 443, 450.) All of the cases relied upon by Investco to support its recovery in tort predate the *Moorman* decision and appear to conflict with the current trend of authority.

Because of our resolution of this issue we need not consider other error asserted directed to counts I through III of the complaint.

Investco has also sought to appeal from count IV of the complaint from which the trial court struck certain claims for damages. It contends that in this contract action the court erred in denying recovery of damages for loss of profits (see, *e.g., F. E. Holmes & Son Construction Co. v. Gualdoni Electric Service, Inc.* (1982), 105 Ill. App. 3d 1135, 1141, 435 N.E.2d 724), and for attorney fees incurred by Investco in seeking to mitigate damages with third parties (see, *e.g., Sorenson v. Fio Rito* (1980), 90 Ill. App. 3d 368, 372, 413 N.E.2d 47).

Greengard has not addressed the merits of these issues in its brief, contending they are not properly before the court for review on this appeal as the striking of only portions of count IV of the complaint is not a final order. *Prado v. Evanston Hospital* (1979), 72 Ill. App. 3d 622, 624, 390 N.E.2d 1270; *Messenger v. Rutherford* (1967), 80 Ill. App. 2d 25, 225 N.E.2d 94, *appeal denied* (1967), 36 Ill. 2d 629; *Messenger v. Rutherford* (1970), 130 Ill. App. 2d 407, 264 N.E.2d 775.

■ Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)) governs appeals from judgments in a case which do not dispose of the entire proceeding. It provides that "if multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal." To be final and appealable, the order appealed from must terminate and dispose of the parties rights regarding issues in the suit (*Nemanich v. Dollar Rent-A-Car Services, Inc.* (1980), 90 Ill. App. 3d 484, 488, 413 N.E.2d 178). The inclusion in the order appealed from of the special finding of Rule 304(a) will not confer appellate jurisdiction if the order is not in fact final (*Crane Paper Stock Co. v. Chicago & Northwestern Ry. Co.* (1976), 63 Ill. 2d 61, 66, 344 N.E.2d 461).

In the present case the trial court made the requisite special finding as to all four counts of the complaint. Greengard does not dispute that the judgment dismissing counts I, II and III, in which Investco sought to assert its cause of action in negligence, is final and appealable. It argues, however, that as the order striking only portions of the elements of damages sought by Investco in count IV did not fully dispose of that contract action, it is not an appealable order, although the trial judge made the findings required by Rule 304(a) (87 Ill. 2d R. 304(a)).

It is clear that had Investco sought to appeal only from the dismissal of the portions of the allegations of count IV, it could not properly do so. That order left the cause of action stated in count IV still pending and undecided by the trial court under that theory of recovery and it was not a final order. (See *Village of Niles v. Szczesny* (1958), 13 Ill. 2d 45, 48, 147 N.E.2d 371; *Gutenkauf v. Gutenkauf* (1979), 69 Ill. App. 3d 871, 873, 387 N.E.2d 918; *Prado v. Evanston Hospital* (1979), 72 Ill. App. 3d 622, 624-25, 390 N.E.2d 1270.) As presented in this case, however, the question is whether appellate jurisdiction attaches to this court to consider the issues relating to count IV of the complaint in light of the fact Investco is properly here on appeal from the dismissal of the other counts.

 That question has been resolved adversely to Investco in *Messenger v. Rutherford* (1967), 80 Ill. App. 2d 25, 31, 225 N.E.2d 94, *appeal denied* (1967), 36 Ill. 2d 629. There the trial court entered an order which dismissed defendant's counterclaim and also struck portions of defendant's answer to the complaint. Although the trial court made the requisite findings, the reviewing court determined that only the part of the order striking defendant's counterclaim was appealable and declined to consider the other issues. (See also *Messenger v. Rutherford* (1970), 130 Ill. App. 2d 407, 413, 264 N.E.2d 775.) We conclude that the order striking portions of count IV of the complaint is not final and appealable and that portion of this appeal must be dismissed.

Accordingly, the judgment dismissing counts I, II and III of the complaint is affirmed and the appeal directed to count IV is dismissed.

Affirmed in part, appeal dismissed in part, cause remanded.

SEIDENFELD, P.J., and VAN DEUSEN, J., concur.