*In re* ESTATE OF HAROLD BEIDER, Deceased.

First District (6th Division)   No. 1—93—4053

Opinion filed December 30, 1994.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Michael A. Pollard, John M. Murphy, and Amalia S. Rioja, of counsel), for appellant.

Much, Shelist, Freed, Denenberg & Ament, P.C., of Chicago (Howard M. Cohen and Jeffrey S. Wilson, of counsel), for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

The Travelers Indemnity Company (Travelers) filed a petition to reopen the estate of Harold Beider (Harold) and for leave to file a claim against the estate. Travelers contended that it was a creditor of the estate, that it did not receive timely notice of Harold's death, and that it only became aware of Harold's death after the estate was closed. The trial court granted Marlys Beider's (co-executor of the estate, hereafter Marlys) section 2—619 motion to dismiss the petition. (735 ILCS 5/2—619 (West 1992).) We affirm.

On November 14, 1984, Harold Beider signed a promissory note. Harold agreed to make quarterly payments beginning on January 10, 1985, and concluding on October 10, 1991. Pursuant to its financial guarantee bond with Harold's lender, Greycas, Inc., Travelers acted as a surety with respect to Harold's obligations under the promissory note, agreeing to pay Greycas, Inc., the amounts due in the event of Harold's default. Harold defaulted on April 10, 1988, July 10, 1989, January 10, 1990, April 10, 1990, July 10, 1990, and October 10, 1990. Following each of these defaults, Travelers paid the amounts due and demanded indemnity from Harold by mailing a letter to his residence at 1100 North Michigan in Wilmette, Illinois. On September 23, 1990, Harold indemnified Travelers for the amount Travelers paid as a result of his January 10, 1990, default.

On October 12, 1990, Harold died. Harold's wife, Marlys Beider, and Theodore Borkan were named independent co-representatives of Harold's estate and petitioned the circuit court of Cook County for the admission of Harold's will to probate and for the issuance of letters testamentary. Marlys published notice of probate to unknown creditors in the Chicago Daily Law Bulletin on October 29, 1990, November 5, 1990, and November 12, 1990.

Subsequent to Harold's death, Travelers continued to send demand letters to Harold at the Wilmette address. On April 30, 1991, the six-month period for filing claims expired under section 18—3 of the Probate Act of 1975 (Act) (755 ILCS 5/1—1 et seq. (West 1992)) and on July 15, 1992, the estate was closed. On November 4, 1992, still unaware that Harold was deceased, Travelers filed a law division suit against Harold, personally, to recover the $54,976 owed. Finally, in December 1992, when it first learned of Harold's death, Travelers filed its petition to reopen the estate and for leave to file a claim.

Section 18—12 states in part:

"Limitations on payment of claims. (a) Every claim against the estate of a decedent, except expenses of administration and surviving spouse's or child's award, is barred as to all of the decedent's estate if:

(1) Notice is given to the claimant as provided in Section 18—3 and the claimant does not file a claim with the representative or the court on or before the date stated in the notice; or

(2) *Notice of disallowance is given to the claimant as provided in Section 18—11 and the claimant does not file a claim with the court on or before the date stated in the notice;* or

(3) The claimant or the claimant's address is not known to or reasonably ascertainable by the representative and the claimant does not file a claim with the representative or the court on or before the date stated in the published notice as provided in Section 18—3.

(b) Unless sooner barred under subsection (a) of this Section, all claims which could have been barred under this Section are, in any event, barred 2 years after decedent's death, whether or not letters of office are issued upon the estate of the decedent." 755 ILCS 5/18—12(a), (b) (West 1992).

■ Section 18—12 was adopted for the purpose of facilitating early settlement of estates. (*In re Estate of Hoheiser* (1981), 97 Ill. App. 3d 1077, 1080, 424 N.E.2d 25; see also *In re Estate of Garawany* (1980), 80 Ill. App. 3d 401, 399 N.E.2d 1024; *Messenger v. Rutherford* (1967), 80 Ill. App. 2d 25, 225 N.E.2d 94.) "The filing of a claim within the period specified by section 18—12 is mandatory ***." (*Hoheiser*, 97 Ill. App. 3d at 1081.) A failure to file a claim within the statutory period is a bar to the claim, even if the executor had personal knowledge of the claim. (*Garawany*, 80 Ill. App. 3d at 404.) "[N]o exception to the filing period may be engrafted by judicial decision." (*Hoheiser*, 97 Ill. App. 3d at 1081; see also *In re Estate of Ito* (1977), 50 Ill. App. 3d 817, 365 N.E.2d 1309.) "A probate court cannot authorize an administrator to pay a claim after the claim has been barred from payment under the statute. 'To authorize payment under these circumstances would in effect nullify the provision in the statute.' " *Messenger*, 80 Ill. App. 2d at 29, quoting *Yaple v. Mahy* (1926), 241 Ill. App. 446, 453.

In the instant case, whether Travelers is a known creditor, unknown creditor, a party that received notice or one that did not, does not matter. Section 18—12(b) states that all claims are barred two years after the decedent's death. Here, Harold died on October 12, 1990. Neither the law division suit against Harold (assuming *arguendo* that it constituted a claim against the estate), nor the petition to reopen the estate was filed within the two-year limit. The only actions taken within the two-year limit were Travelers' demand letters to Harold. As such, and as conceded by Travelers' counsel

during oral argument, unless these letters constitute a claim against the estate, Travelers is barred by section 18—12(b) of the Act.

The letters were mailed both before and after Harold's death to the Beiders' Wilmette residence. Marlys remained in the residence after Harold died. The letters were addressed to and made demand of Harold Beider.

■ Travelers refers to section 18—2 of the Act and *In re Matter of Estate of Wagler* (1991), 217 Ill. App. 3d 526, 577 N.E.2d 878, to support its contention that these letters are sufficient to state a claim against the estate. Section 18—2 states that "[e]very claim filed must be in writing and state sufficient information to notify the representative of the nature of the claim or other relief sought." (755 ILCS 5/18—2 (West 1992).) Travelers notes that under *Wagler* technical legal form is not required in the presentation of a claim against an estate because the allowance of a claim is not governed by the technical rules which apply to a formal suit at law. The argument, however, is without merit. Section 18—2 and *Wagler* deal with the language or form of a claim as opposed to who the claim must be made against. The issue *sub judice* is whether the post-mortem demand against Harold can be interpreted as a claim against the estate. The parties have not cited, nor has our research located, Illinois authority on this issue.

We find *Harter v. Lenmark* (Minn. 1989), 443 N.W.2d 537, supportive of the position that correspondence sent to Harold personally was not notice to Marlys of Travelers' claim against the estate. In *Harter*, a husband and wife had each signed promissory notes. The court held that the demand letters the creditor had sent to the husband in his individual capacity as a co-debtor were insufficient to constitute a claim against his wife's estate, of which he was the executor. The court noted:

> "[T]he two letters did not request or demand payment from the estate, but only from [the estate's representative] individually. While it can be assumed that *** [the] personal representative of the estate, was aware of [the decedent's] participation and obligations under at least one of the notes, no claim or demand for payment from the estate was asserted. Moreover, there is no indication that the letters were written in response to the published notice to creditors ***." *Harter*, 443 N.W.2d at 539.

Likewise, we find that *State v. Griffin* (1976), 171 Conn. 333, 370 A.2d 1301, supports Marlys' position. In *Griffin*, the administratrix acknowledged that she received a letter, addressed to her, from the creditor, albeit she had not yet been appointed administratrix, nor applied for letters of administration. The court found that the letter

made it clear that there was an intention that the letter serve as notice to the future administratrix of the claim against the estate because the letter conveyed the exact amount of the claimed indebtedness, identified the creditor, stated an unequivocal intention to pursue the claim, and an expectation that the recipient would apply for letters of administration. *Griffin*, 171 Conn. at 338-39, 370 A.2d at 1304.

In the instant case, Travelers made a claim against Harold under the mistaken belief that he was still alive. The letters were addressed to and made demand of Harold. That Travelers was making a claim against Harold rather than the estate is borne out by the law division suit. We cannot equate a post-mortem demand against Harold, under the mistaken belief that he was alive, with an intention to pursue a claim against the estate.

Because we conclude that Travelers' demand letters to Harold do not constitute a claim against the estate, the trial court did not err in dismissing Travelers' petition to reopen the estate and for leave to file a claim.

Affirmed.

EGAN, P.J., and McNAMARA, J., concur.