2022 IL App (4th) 210613

NO. 4-21-0613

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 24, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* ESTATE OF THOMAS F. TOPAL, Deceased, | ) | Appeal from the |
| | ) | Circuit Court of |
| (Robert L. Smith, Independent Administrator, Petitioner- | ) | Macoupin County |
| Appellee v. Associated Bank, N.A., Respondent- | ) | No. 20P105 |
| Appellant). | ) | |
| | ) | Honorable |
| | ) | Joshua Aaron Meyer, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court, with opinion.
Justices DeArmond and Harris concurred in the judgment and opinion.

**OPINION**

¶ 1        When Thomas F. Topal (decedent) died on March 15, 2017, he was the owner of residential property subject to a mortgage held by Associated Bank, N.A. (Associated). Associated did not file a foreclosure action within two years of decedent's death, nor did it file a claim in his probate estate in that time as none had yet been opened. After an estate was opened for decedent (Estate), it moved to bar all claims held by Associated arising out of the mortgage based on the two-year limitations period set forth in section 18-12(b) of the Probate Act of 1975 (Probate Act). 755 ILCS 5/18-12(b) (West 2016). Finding that no claims or foreclosure action had been filed prior to the expiration of the two-year period, the trial court granted the Estate's motion. The trial

court then ordered Associated to provide the Estate with a written release of its mortgage, which the Estate would then pay to record.

¶ 2    Associated appeals, challenging the applicability of section 18-12(b) to claims arising out of the mortgage and arguing that its right to pursue a mortgage foreclosure action is independent of the probate estate and therefore not subject to section 18-12(b).

¶ 3    For the reasons set forth below, we affirm in part, reverse in part, and remand.

¶ 4                                I. BACKGROUND

¶ 5    Decedent died on March 15, 2017. At the time of his death, he owned property located at 214 West Central, Benld, Illinois (West Central property). First National Bank in Staunton, Illinois, held a mortgage on the property to secure a note. The mortgage was recorded in Macoupin County on April 17, 2012. In February 2020, Associated acquired First National Bank and succeeded it as mortgagee on the West Central property. It is undisputed that mortgage payments on decedent's loan were current as of the time he died and that they remained current for more than two years afterwards; consequently, neither First National Bank nor Associated took any action to foreclose on the mortgage. Decedent's will and codicil stated that Catherine Petrak was to receive the West Central property unless she chose to receive the proceeds of its sale.

¶ 6    The record here does not reflect whether a copy of the will was filed with the circuit court within 30 days of decedent's death as required by section 6-1 of the Probate Act. *Id.* § 6-1. On September 10, 2020, Petrak—apparently without formal legal authority, as no estate had been opened—executed a lease of the West Central property to Hope and Lisa Ott.

¶ 7    On October 22, 2020—about two and a half years after decedent's death—Petrak filed a petition seeking to admit decedent's will to probate. The petition listed the West Central property as an asset of the estate. Petrak herself died December 5, 2020, and attorney Robert L.

Smith was named the executor of her estate in a separate probate case. Smith later filed an amended petition for admission in the instant case, and in June 2021 the trial court admitted the will and codicil to probate, with Smith appointed as independent executor of decedent's estate.

¶ 8 One month later, the Estate filed a petition to bar any claim by Associated against the Estate. The petition asserted that any of Associated's claims were time-barred under section 18-12(b) of the Probate Act of 1975 because neither Associated nor its predecessor had filed a claim or instituted any legal action on the mortgage within two years of decedent's demise. Section 18-12(b) provides:

> "(b) Unless sooner barred under subsection (a) of this Section, all claims which could have been barred under this Section are, in any event, barred 2 years after decedent's death, whether or not letters of office are issued upon the estate of the decedent." *Id.* § 18-12(b).

The Estate asked the trial court to find that any claim by Associated against the West Central property was barred; it further requested that Associated be compelled to execute a written release of its mortgage.

¶ 9 In opposition to the motion to bar, Associated asserted that, even though it had not instituted foreclosure proceedings at that time, it retained the right to do so regardless of the state of the probate matter. According to Associated, a foreclosure is an *in rem* proceeding, not one against the estate or *in personam*; thus, it could be brought separately against the mortgaged property. Associated then asserted it was not required to file a claim in the probate action and that its lien on the West Central property should remain intact until it was either paid off or the matter resolved through foreclosure proceedings.

¶ 10     The Estate disagreed, arguing that section 18-12(b) established an outside limit for bringing claims of all types and that, under the supreme court decision in *ABN AMRO Mortgage Group, Inc. v. McGahan*, 237 Ill. 2d 526 (2010), actions for foreclosures were considered *quasi in rem* actions, which required the claim be brought against a decedent's estate as a necessary party. The Estate asserted that Associated was required to utilize Illinois Supreme Court Rule 113(i) (eff. May 1, 2013) to have a special representative appointed for a foreclosure action and that, because neither bank did so within two years of death, any claims arising from the mortgage were now barred.

¶ 11     On September 21, 2021, following a hearing on the Estate's petition to bar, the trial court issued a written order finding that Associate's claim was not filed against decedent or the Estate within two years of his death. Consequently, the trial court held that "any claim that Associated has against the property located at 214 West Central, Benld, pursuant to the Mortgage recorded 4-17-2012 as Macoupin County Recorder Document Number 59023" was time-barred pursuant to section 18-12(b) of the Probate Act. The trial court ordered Associated to execute a written release of its lien and to deliver the release to the Estate, which was to be recorded at the Estate's expense.

¶ 12     This appeal followed.

¶ 13                                   II. ANALYSIS

¶ 14     The central issue here is whether the two-year filing limitation in section 18-12(b) of the Probate Act of 1975 bars all claims by Associated arising out of its loan to decedent and the related mortgage on the West Central property. Ancillary to that question is whether Associated, having failed to assert any claim against the Estate within the two-year period following decedent's death, may nevertheless pursue a separate foreclosure proceeding based on the mortgage. The

- 4 -

applicability of a statute of limitations to a cause of action presents a legal question we review *de novo. Travelers Casualty & Surety Co. v. Bowman*, 229 Ill. 2d 461, 466 (2008); *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 345 (2002).

¶ 15                         A. Application of Section 18-12(b)

¶ 16         Two avenues exist for a potential creditor seeking to file a claim relating to a debt or obligation of a deceased individual. Where a probate estate is open and a representative is appointed by the court, a potential creditor can file a claim in the probate estate. *In re Estate of Strong*, 2020 IL App (3d) 190158, ¶ 19; 755 ILCS 5/18-1 (West 2016). Where a probate estate is not opened, however, Illinois law gives a creditor the right to seek court appointment of a special representative of the estate, against whom an action might be filed. 735 ILCS 5/13-209(b) (West 2016); see also Ill. S. Ct. R. 113(i) (eff. May 1, 2013). Each option is explored below as they existed on March 15, 2017.

¶ 17         Regardless of which route the claimant takes, the claim must be timely made. Section 18-12(b) imposes an initial period within which claims may be filed against the estate but, in any event, bars all claims after two years from decedent's death. 755 ILCS 5/18-12(b). Section 18-12 was adopted to facilitate the early settlement of estates. *In re Marriage of Epsteen*, 339 Ill. App. 3d 586, 596 (2003). A decedent's estate cannot achieve finality absent a clear outside limitation on claims which may be filed against the estate's assets.

¶ 18         Consequently, a claim that is not filed against the estate within the limitations period is barred. *In re Estate of Bohn*, 2019 IL App (1st) 173083, ¶ 14; *In re Estate of Parker*, 2011 IL App (1st) 102871, ¶¶ 57-58. Section 18-12 of the Probate Act is not a period of limitations; it is a jurisdictional requirement. *Id.* ¶ 57. Compliance with section 18-12(b) is mandatory, and " ' "no exception to the filing period may be engrafted by judicial decision." ' " *Id.* ¶ 58 (quoting

*Epsteen*, 339 Ill. App. 3d at 596, quoting *In re Estate of Hoheiser*, 97 Ill. App. 3d 1077, 1081 (1981)). Once the statutory time periods expire, a "court has no power or jurisdiction to adjudicate a claim against the estate." *Id.*

¶ 19       The time for filing a claim begins to run at the date of death, and it continues to run even if, as here, no formal probate estate is opened within the two-year period. Section 18-12(b) imposes a strict requirement with potentially severe implications, as it applies regardless of the claimant's knowledge of the potential claim. See *Polly v. Estate of Polly*, 385 Ill. App. 3d 300, 304 (2008) ("Because the estate here failed to prove that it published and mailed notice as required by section 18-3, only the two-year limitations period of section 18-12(b) applies."); *In re Estate of Beider*, 268 Ill. App. 3d 1094, 1096 (1994) ("[W]hether Travelers is a known creditor, unknown creditor, a party that received notice or one that did not, does not matter. Section 18-12(b) states that all claims are barred two years after the decedent's death."). Accordingly, the time for filing a claim against the Estate commenced on the date of decedent's death regardless of whether Associated was aware of decedent's death.

¶ 20       The same conclusion applies here, even if decedent's loan was current at the time of his death and for more than two years afterwards. We agree that the continued receipt of payments meant that Associated may not have had an action for *default* against either decedent during his life or his estate representative after his death, but that is immaterial. Timely filing a claim against an estate preserves a claimant's chance to have a debt—presently due or not—paid out of estate assets. Even if a claim is not presently due, but only becomes due at some future date, it must still be timely filed. The Probate Act specifically envisions the filing of claims that are "not due" and specifies how payment of those claims are to be handled. See 755 ILCS 5/18-4 (West 2016).

¶ 21     Because no claim against decedent or his estate was filed within two years of his death, we conclude that the trial court correctly found that any claim against the Estate was barred, *i.e.*, Associated could not rely on a claim against the Estate to satisfy its claimed debt.

¶ 22                              B. Foreclosure Claims

¶ 23     The matter below was a probate proceeding, not a foreclosure action. It would not normally be necessary for a probate court to speak to the viability of a yet-to-be filed foreclosure case, nor would it be necessary for us to address such matters. Here, however, the trial court did not simply find that a claim against the Estate was time barred; it also ordered that Associated tender a *release* of its mortgage. Because this aspect of the trial court's ruling would, by intention, thwart Associated's ability to bring a future action to foreclose on its mortgage, we are compelled to address its propriety.

¶ 24     If this matter had arisen prior to the supreme court's decision in *McGahan*, resolution of this issue would be uncomplicated. Associated could rely, as it does here, on pre-*McGahan* cases like *Waughop v. Bartlett*, 165 Ill. 124 (1896), for the proposition that failure to file a timely claim against the estate does not operate as an absolute bar against the debt, with the "only effect" of such failure to timely file being "to prevent any participation in the inventoried assets of the estate." *Id.* at 129. This is precisely the position Associated takes here, namely, that it may be too late to seek satisfaction of decedent's debt from his estate, but it is not too late to bring a future action to foreclose on the mortgage.

¶ 25     The difficulty, however, is that *Waughop* also held that a foreclosure action is an *in rem* proceeding against the subject property, not an *in personam* proceeding against the mortgagor. *Id.* More recently, the Illinois Supreme Court in *McGahan* expressly abrogated this aspect of *Waughop*. The law is now clear that a foreclosure action is a *quasi in rem* proceeding,

- 7 -

not *in rem*, and the mortgagee must name as a defendant not just the property, but the mortgagor as well. Where the mortgagor is deceased, this means naming decedent's representative as a defendant. See *McGahan*, 237 Ill. 2d at 535-36.

¶ 26    However, in holding that a lapsed claim against a decedent's estate did not bar a separate foreclosure action, *Waughop* did not expressly base its conclusion on its characterization of a foreclosure case as an *in rem* proceeding. See *Waughop*, 165 Ill. at 129. The supreme court reached its conclusion in *Waughop* based on its interpretation of the predecessor to section 18-12(b), and it did so even before engaging in a discussion of whether a foreclosure is an *in rem* action. We believe that these two separate aspects of *Waughop*—the nature of a foreclosure as an *in rem* proceeding and the ability to pursue a foreclosure action even after an action against the estate is time barred—are not inextricably bound to each other. The only aspect of *Waughop* explicitly overruled in *McGahan* was the former proposition, so the latter appears to be undisturbed.

¶ 27    The issue is somewhat more difficult with respect to *Financial Freedom v. Kirgis*, 377 Ill. App. 3d 107 (2007). In holding that the two-year limitations provision for actions against a decedent's estate did not apply to a foreclosure action, *Freedom Financial* explicitly based its holding on its conclusion—since rejected in *McGahan*—that a foreclosure action is an *in rem* proceeding. *Id.* at 128. Still, even with respect to *Freedom Financial*, the supreme court in *McGahan* focused on the characterization of the nature of the action and the question of whether personal jurisdiction is acquired. At no point did the supreme court explicitly abandon the other part of its holding in *Waughop*: that the "only effect" of a failure to file a claim against decedent or the estate within two years "is to prevent any participation in the inventoried assets of the estate." *Waughop*, 165 Ill. at 129. It would be unwise for this court to extrapolate from the *rationale* of

*McGahan* a conclusion which was not reached there. Surely such a consequential decision, if it is to be made, should come from the supreme court.

¶ 28    We have concluded that Associated's failure to timely file a claim against decedent or his estate prevents Associated from reaching estate assets to satisfy the debt owed to it. This conclusion does not mean, however, that Associated cannot still proceed with a future foreclosure action against the property covered by the mortgage. Per *McGahan*, a representative of the Estate must be named a defendant. Should the foreclosure sale produce insufficient funds to satisfy the debt, Associated may not pursue a deficiency judgment against the Estate. This is fundamentally the purpose of section 18-12(b).

¶ 29    Our holding treats the situation in much the same way as would be seen in other cases in which the mortgagee is limited to the proceeds of sale to satisfy the debt and is prohibited from seeking an *in personam* deficiency judgment against the mortgagor. This occurs, for example, where the mortgagor has not been personally served (see 735 ILCS 5/15-1508(e) (West 2016)) or where the mortgagor's personal debt has been extinguished in bankruptcy (see *U.S. Bank Trust, N.A. v. Atchley*, 2015 IL App (3d) 150144, ¶ 13). In those instances, just like this one, the concept of personal liability diverges from the mortgagee's right to enforce the lien securing its debt. *McGahan* tells us that the mortgagor must be at least a nominal party in such cases, and that remains true even though the mortgagor is at no risk of a deficiency judgment.

¶ 30    Consequently, we hold that the trial court erred in compelling Associated to issue and tender a release of its mortgage. We remand the cause for further proceedings so that the trial court might ensure that the recording of the release of mortgage might be effectively undone and the public land records appropriately corrected, if necessary. This conclusion makes it unnecessary for us to address Associated's argument concerning unjust enrichment.

¶ 31                                    III. CONCLUSION

¶ 32          For the reasons stated, we affirm that part of the trial court's judgment holding that any claim of Associated against the Estate is time barred by section 18-12, and we reverse the trial court's order compelling Associated to issue a release of mortgage and remand for further proceedings as stated.

¶ 33          Affirmed in part and reversed in part.

¶ 34          Cause remanded.

*In re Estate of Topal*, 2022 IL App (4th) 210613

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Macoupin County, No. 20-P-105; the Hon. Joshua A. Meyer, Judge, presiding. |
| **Attorneys for Appellant:** | Penny Eilers, of Heavner, Beyers & Mihlar, LLC, of Decatur, for appellant. |
| **Attorneys for Appellee:** | Robert L. Smith, of Peoria, for appellee. |