2024 IL App (1st) 230785-U

FOURTH DIVISION
SEPTEMBER 12, 2024

No. 1-23-0785

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| ESTATE OF LUIS ROSSI: | ) | Appeal from the |
| | ) | Circuit Court of |
| ALMA ROSSI, | ) | Cook County. |
| | ) | |
| Respondent-Appellant, | ) | |
| | ) | No. 22 P 26 |
| and | ) | |
| | ) | |
| AMOS FINANCIAL, LLC, | ) | Honorable |
| | ) | Terrence J. McGuire, |
| Petitioner-Appellee. | ) | Judge Presiding. |

JUSTICE LYLE delivered the judgment of the court.
Justices Hoffman and Ocasio concurred in the judgment.

**ORDER**

*Held:* The circuit court erred by denying the motion to dismiss the claim against the estate for lack of jurisdiction.

¶ 1     On December 20, 2021, the petitioner-appellee, Amos Financial, LLC, filed a Petition for Probate of Will and for Letters of Administration with Will Annexed of Luis Rossi, who died on December 26, 2019. Prior to the filing of the petition, Amos Financial sent a bill to Mr. Rossi's trust for a mortgage related to Mr. Rossi's condominium. Wilfredo R. Miranda Jr., the nominated executor in the codicil to the will and trustee of Mr. Rossi's revocable trust, paid a portion of the

bill in May 2021. On January 9, 2023, Mr. Rossi's widow, Alma Chavez Rossi, filed a motion to dismiss the matter arguing the claim was barred because it was not presented within two years of Mr. Rossi's death. The trial court denied the motion and stated the claim was partially allowed. On appeal, Ms. Rossi argues the trial court erred by finding: 1) Amos Financial filed a claim against the estate in Amos Financial's September 2021 letter; 2) Amos Financial filed a timely claim; and 3) the claim was partially allowed as of May 2021. For the following reasons, we reverse the judgment of the circuit court of Cook County and remand this matter for further proceedings.

¶ 2                                        BACKGROUND

¶ 3        Mr. Rossi died on December 26, 2019, survived by his spouse, Ms. Rossi, and his adult son. Prior to his death, Mr. Rossi executed a last will and testament in 2014, which named Maria Pascoll as his executor.

¶ 4        On October 29, 2014, Mr. Rossi established a revocable living trust. On March 13, 2019, Mr. Rossi executed a codicil to his last will, naming Mr. Miranda, as the executor. On December 26, 2019, Mr. Rossi died. Upon his death, the will was not submitted to probate.

¶ 5        The April 10, 2021, mortgage statement was sent to Mr. Rossi's trust, showing a May 1, 2021, due date. On May 1, 2021, Mr. Miranda, the trustee of Mr. Rossi's trust, made a mortgage payment in the amount of $1,342.05 to Amos Financial from Mr. Rossi's trust account. The check contained the name of the trust in the top left corner. Allegedly, the check written to Amos Financial was the product of conversations between Mr. Miranda and Amos Financial, in which Mr. Miranda identified himself as executor.[1]

---

[1] Nothing in the record on appeal verifies that these conversations occurred. We note that the parties agree that there is an email from Mr. Miranda to Amos Financial which was not included in the record on appeal and was read in open court before the trial court's ruling on the motion to dismiss. However, no transcript was provided to this court and the appellant alleges that they did not view the letter before it was read in court.

¶ 6        On September 3, 2021, Amos Financial wrote a letter to "Luis H. Rossi, Sr. Declaration of Trust, Dated October 29, 2014." The letter stated that "Amos Financial LLC is hereby filing a claim against Luis H. Rossi, Sr. Declaration of Trust, Dated October 29, 2014, for the unpaid balance of the [mortgage] loan that is referenced in the subject line of this letter." The letter claimed that "pursuant to the terms of the trust and pursuant to the Illinois Trust Code, the debts of Luis H. Rossi are required to [*sic*] paid prior to making distributions of trust assets."

¶ 7        On December 20, 2021, Amos Financial filed a petition for probate of the estate. In its petition, Amos Financial asserted that the nominated executor of the will was Ms. Pascoll and that she "did not administer the will for unknown reasons." In its petition, Amos Financial sought supervised administration of the estate. The petition only attached the original 2014 will and not the codicil. On March 28, 2022, the trial court entered an order, granting Ms. Rossi, the nominated successor executor in the will, leave to retain counsel. On June 22, 2022, the court appointed Amos Financial to administer the will after the Cook County Public Administrator declined the appointment and Ms. Rossi failed to retain counsel.

¶ 8        The trial court granted Amos Financial leave to file a petition to administer the will. On September 1, 2022, the trial court appointed Colleen Chinlund as the special administrator to the will. On October 24, 2022, Scott Levin filed an appearance with the trial court for Ms. Rossi. On January 9, 2023, Ms. Rossi filed a motion to remove the administrators, strike the claim of Amos Financial, and to dismiss the matter. In the motion, Ms. Rossi alleged that Amos Financial failed to file a claim with a representative of the estate within the statutorily mandated two-year period after Mr. Rossi's death, and thus the claim was barred. On February 9, 2023, Amos Financial filed its response to the motion to dismiss, arguing three grounds. It contended that the claim was timely filed with Mr. Miranda, the named executor in the codicil, and alternatively, if it

3

was not timely filed, Ms. Rossi waived the defense by affirmatively acknowledging the debt and indicating her desire to pay it. Lastly, Amos Financial argued that the statutory bar for a claim against the estate was irrelevant to the obligation of Mr. Rossi's trust to satisfy Mr. Rossi's debt.

¶ 9        The trial court conducted a hearing on the motion. The parties agree that during the hearing, Amos Financial read an email into the record where Mr. Miranda identified himself as the executor of Mr. Rossi's estate. Ms. Rossi denied viewing the email, prior to, during, or after the hearing. No trial transcript of the proceeding was submitted to this court on appeal. On April 24, 2023, the trial court denied the motion to strike and the motion to dismiss stating the claim was partially allowed as of May 2021. On May 2, 2023, Ms. Rossi filed her notice of appeal.

¶ 10                             ANALYSIS

¶ 11        We note that we have jurisdiction to consider this matter, as Ms. Rossi filed a timely notice of appeal following the trial court's judgment. See Ill. S. Ct. R. 304(b)(1) (eff. Mar. 8, 2016); R. 303 (eff. July 1, 2017).

¶ 12        On appeal, Ms. Rossi argues that Amos Financial did not file a claim against the estate in its September 2021 letter; Amos Financial did not file a timely claim; and the claim was not partially allowed as of May 2021. The basis of her argument is that Amos Financial filed a claim against the trust not the estate.

¶ 13        "A claim against the estate of a decedent *** may be filed with the representative or the court or both. When a claim is filed with the representative but not with the court, the representative may file the claim with the court but has no duty to do so." 755 ILCS 5/18-1(1)(a) (West 2020). "Unless sooner barred under subsection (a) of this Section, all claims which could have been barred under this Section are, in any event, barred 2 years after decedent's death,

whether or not letters of office are issued upon the estate of the decedent." 755 ILCS 5/18-12(b) (West 2020).

¶ 14    "Section 18-12 was adopted for the purpose of facilitating early settlement of estates." *In re Estate of Beider*, 268 Ill. App. 3d 1094, 1096 (1994). Filing a claim within the statutory period is mandatory, and there is no exception to the filing period. *In re Marriage of Epsteen*, 339 Ill. App. 3d 586, 596 (2003). "A statute providing for a claim against an estate within a prescribed period is a grant of jurisdiction, not a general statute of limitations." *Epsteen*, 339 Ill. App. 3d at 596. A court "has no power or jurisdiction to entertain a petition against an estate after the statutory period has passed." *Epsteen*, 339 Ill. App. 3d at 596. When determining whether a claim is barred for jurisdictional reasons, our review is *de novo. In re Estate of Topal*, 2022 IL App (4th) 210613, ¶ 14.

¶ 15    In this case, it is undisputed that the will was not submitted to probate before Amos Financial filed its petition on December 20, 2021, nearly two years after Mr. Rossi's death. In its petition, despite its argument in the trial court and on appeal based on the letter, Amos Financial submitted the original will without the codicil for probate and stated the nominated executor was Maria Pascoll. At that time, there was no mention of Mr. Miranda nor any indication that he was a representative of the estate. Further, the September 2021 letter was addressed to Mr. Rossi's trust. Amos Financial did not mention Mr. Miranda by name or in his capacity as the nominated executor in the letter. "It is the intent to make a claim against an estate that is important, and as a rule, that intent must be clearly presented to the representative of the estate." *In re Estate of Lane*, 345 Ill. App. 3d 1123, 1126. Therefore, Amos Financial did not file a proper claim against the estate. See *Lane*, 345 Ill. App. 3d at 1126 (stating that a proper claim against an estate must

be "addressed directly to the estate or to an administrator of the estate in his or her capacity as such").

¶ 16　　However, even if the letter was addressed to Mr. Miranda as nominated executor, the ruling would be the same. The probate estate was not opened because the will was never presented to the court.

¶ 17　　"Two avenues exist for a potential creditor seeking to file a claim relating to a debt or obligation of a deceased individual. Where a probate estate is open and a representative is appointed by the court, a potential creditor can file a claim in the probate estate." *Topal*, 2022 IL App (4th) 210613, ¶ 16. In a situation "[w]here a probate estate is not opened, however, Illinois law gives a creditor the right to seek court appointment of a special representative of the estate, against whom an action might be filed." *Topal*, 2022 IL App (4th) 210613, ¶ 16.

¶ 18　　Since the probate estate was not opened, there was no representative for the estate, as described in the statute. Therefore, the exclusive avenue for bringing a claim against the estate was to "seek court appointment of a special representative of the estate, against whom an action" could be filed. *Topal*, 2022 IL App (4th) 210613, ¶ 16. Amos Financial sought appointment of a special representative on December 20, 2021, with its petition to administer the will. On September 1, 2022, Ms. Chinlund was appointed as the special administrator of the will, beginning the period for filing of Amos Financial's claim against the estate. Unfortunately for Amos Financial, that was more than two years after Mr. Rossi's death on December 26, 2019. Therefore, Amos Financial is barred from bringing its claim unless the claim was previously allowed in part or full.

¶ 19　　Section 18-12 of the Probate Act of 1975 states that:

"The representative may at any time pay or consent in writing to all or any part of any claim that is not barred under Section 18-12, if and to the extent the claim has not been disallowed by the court and the representative determines it to be valid. Payment or consent by the representative constitutes allowance of the claim and binds the estate." 755 ILCS 5/18-11(a) (West 2020).

¶ 20       As noted, Mr. Miranda was never a representative to the estate because he was not appointed by any court. Since he was not a representative of the estate, it was impossible for him to bind the estate to payment of the claim in part or full. There is no need to address whether the jurisdictional bar was waived because it is clear that "[a] probate court cannot authorize an administrator to pay a claim after the claim has been barred from payment under the statute." *Beider*, 268 Ill. App. 3d at 1096. Therefore, we find the court erred by denying the motion to dismiss and reverse the trial court's decision.

¶ 21                                CONCLUSION

¶ 22       For the foregoing reasons, we reverse the judgment of the circuit court of Cook County and remand the case to the circuit court for proceedings consistent with this order.

¶ 23       Reversed and remanded.